**Eunice ALEXANDER, Appellant,**

v.

**LOCKHEED MARTIN CORPORATION, Self Insured, Appellee.**

No. 2–05–081–CV.

Court of Appeals of Texas, Fort Worth.

March 2, 2006.

Law Office of Kay E. Goggin, Kay E. Goggin, Dallas, for appellant.

Law Office of Carolyn Mitchell, P.C., Carolyn Mitchell, Fort Worth, for appellee.

PANEL A: DAUPHINOT, WALKER, and McCOY, JJ.

## OPINION

LEE ANN DAUPHINOT, Justice.

Appellant Eunice Alexander appealed the trial court's summary judgment holding that Appellee Lockheed Martin did not waive the right to contest compensability of Appellant's worker's compensation claim and that Appellant did not have a compensable claim. We hold that Appellee waived the right to contest compensability and that, as a result, Appellant had a compensable claim. Therefore, we reverse the trial court's judgment and remand the case for further proceedings.

## I. Facts and Procedural History

Appellant worked for Appellee, which was certified as a self-insurer under the Texas Workers' Compensation Act and for group health benefits. Appellant had a pre-existing condition for which she used a cane daily and had used group health benefits several years before the injury at issue. Appellant filed a workers' compensation claim with Appellee, asserting that she fell at work on October 17, 2002 while changing workstations. Appellee filed a notice of paid benefits within seven days of being notified of the injury. Thus, it had sixty days to contest the compensability of the injury pursuant to Texas Labor Code section 409.021(c).[1] Appellee did not file a dispute within the sixty-day period but filed one later, claiming that it should be able to reopen the issue because it had "newly discovered evidence" of a preexisting condition. The newly discovered evidence was Appellant's doctor's previous

---

1. TEX. LAB.CODE ANN. § 409.021(c) (Vernon Supp.2005).

records of the injury, which Appellee did not receive until after the sixty-day deadline had passed.

■ At the Texas Worker's Compensation Commission's contested case benefit hearing (CCH) on November 12, 2003, the CCH officer held that because Appellee did not dispute the claim within sixty days, it waived its right to contest it and could not reopen the issue because the alleged newly discovered evidence could reasonably have been discovered earlier. The decision stated that "[a]lthough [Appellant] did not sustain an injury in the course and scope of employment on October 17, 2002, her injury is compensable because [Appellee] waived the right to contest compensability." The Appeals Panel affirmed this decision and held that the hearing officer did not err by determining that *Continental Casualty Company v. Williamson* did not apply to this case.[2] *Williamson* held that if a hearing officer determines that there is no injury, and that finding is not against the great weight and preponderance of the evidence, then the carrier's failure to contest compensability cannot create an injury as a matter of a law.[3] However, *Williamson* is limited to situations where there is a determination that the claimant did not have an injury, as opposed to cases where there is an injury that was determined by the hearing officer not to be in the scope of employment.[4]

Appellee appealed to the district court and filed a motion for summary judgment, claiming that as a matter of law Appellant was not injured and, therefore, Appellee had no deadlines to file a dispute. The district court judge granted the motion for summary judgment, finding that Appellee did not sustain an injury in the course and scope of employment. The judgment ordered that the Appeals Panel decision be set aside, held that Appellee did not waive the right to contest compensability of its claim, and held that Appellant did not have a compensable claim. Appellant moved for a new trial, but the trial court denied the motion. Appellant then filed a notice of appeal.

In two issues, Appellant argues that the trial court improperly granted summary judgment by disregarding Texas Labor Code section 409.021(c) and that Appellee does not have a right to contest the compensability of Appellant's injury past the sixty-day deadline based on a commission finding of no injury in the course and scope of employment. Appellee responds that the trial court correctly granted the motion for summary judgment because failure to contest compensability does not waive the right to contest the existence of the injury itself.

## II. Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to

---

2. *See Cont'l Cas. Co. v. Williamson,* 971 S.W.2d 108 (Tex.App.-Tyler 1998, no pet.).

3. *Id.* at 110–11.

4. *See Zurich Am. Ins. Co. v. Gill,* 173 S.W.3d 878, 880–81, 883–85 (Tex.App.-Fort Worth 2005, pet. filed); Appeals Panel No. 022274, 2002 WL 31474068, at *2 (Tex. Workers' Comp. Comm'n Oct. 17, 2002); Appeals Panel No. 022027–s, 2002 WL 31474007, at *2 (Tex. Workers' Comp. Comm'n Sept. 30, 2002); Appeals Panel No. 990223, 1999 WL 202028, at *3 (Tex. Workers' Comp. Comm'n Mar. 22, 1999); Appeals Panel No. 990135, 1999 WL 163482, at *4 (Tex. Workers' Comp. Comm'n Mar. 10, 1999); Appeals Panel No. 981847, 1998 WL 1012977, at *2 (Tex. Workers' Comp. Comm'n Sept. 25, 1998).

judgment as a matter of law.[5] The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.[6] Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.[7]

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.[8] Evidence that favors the movant's position will not be considered unless it is uncontroverted.[9] The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.[10]

## III. Legal Analysis

Appellant argues that the trial court improperly granted summary judgment by disregarding Texas Labor Code section 409.021(c), which provides:

> If an insurance carrier does not contest the compensability of an injury on or before the 60th day after the date on which the insurance carrier is notified of the injury, the insurance carrier waives its right to contest compensability. The initiation of payments by an insurance carrier does not affect the right of the insurance carrier to continue to investigate or deny the compensability of an injury during the 60–day period.[11]

"Injury" is defined as "damage or harm to the physical structure of the body." [12] It is undisputed that Appellee did not contest the compensability of an injury within sixty days after Appellant gave it notice of the injury. Appellee responds that failure to contest compensability does not waive the right to contest the existence of the injury itself. Appellant argues that Appellee did not allege and the hearing officer did not find that there was *no injury*, but that there was no injury *in the course and scope of employment*. We agree.

### A. The *Williamson* Case

In *Williamson*, claimant Claude Williamson alleged that on August 10, 1993, he fell down a staircase at work, which replicated an earlier injury.[13] Williamson filed a worker's compensation claim, but Continental did not respond within the sixty-day period.[14] The contested case hearing officer entered a decision that included a finding that Williamson willfully intended to injure himself by staging the staircase incident but did not sustain an additional injury on the alleged date.[15] The hearing officer therefore held that, although the insurance carrier had waived its right to dispute the compensability of Williamson's

---

5. Tex.R. Civ. P. 166a(c); *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex.2002); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

6. *Sw. Elec. Power Co.*, 73 S.W.3d at 215; *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965).

7. *Great Am.*, 391 S.W.2d at 47.

8. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995).

9. *Great Am.*, 391 S.W.2d at 47.

10. *Clear Creek Basin*, 589 S.W.2d at 678.

11. Tex. Lab.Code Ann. § 409.021(c).

12. *Id.* § 401.011(26) (Vernon Supp.2005).

13. *Williamson*, 971 S.W.2d at 109.

14. *Id.*

15. *Id.*

alleged injury, because Williamson had no injury, he was not entitled to benefits.[16]

The Appeals Panel disagreed with the conclusion that because there was a finding of no injury, Williamson was not entitled to benefits.[17] It held that Williamson suffered no injury, but because Continental did not timely contest compensability, Williamson's injury was established as a matter of law.[18]

Continental then appealed the Appeals Panel decision to the trial court.[19] The trial court affirmed the decision, which was again appealed.[20] The question on appeal was whether an employer's failure to timely contest compensability when there is no injury creates a compensable injury as a matter of law.[21] The appellate court held that an injury and a compensable injury are different.[22] Although Continental may have waived its right to contest the compensability of the injury, it never waived its right to contest the injury itself.[23] Thus, the court held that if a hearing officer determines that there is no injury, and that finding is not against the great weight and preponderance of the evidence, then the carrier's failure to contest compensability cannot create an injury as a matter of a law.[24] The appellate court reversed the trial court's judgment and rendered judgment in favor of the carrier.[25]

Importantly, *Williamson* has been held by the Texas Workers' Compensation Commission Appeals Panel and this court to be limited to situations where there is a determination by the hearing officer that the claimant did not have an injury, or damage or harm to the physical structure of the body, as opposed to cases where there is an injury determined by the hearing officer not to have been causally related to the employment.[26] For instance, in Appeal No. 981847, the chief judge of the Appeals Panel held:

[W]here the Appeal Panel applied the *Williamson* decision, the hearing officer determined that there was no injury . . . and that determination was supported by the evidence. In the case under review, that was not the situation. Not only did the evidence support the hearing officer's determination that the claimant sustained an occupational disease, but the fact that the claimant had a dystopia condition was not in dispute; rather, whether it related to her employment, a compensability issue, was the essence of the issue. In other words, the question was not that the claimant did not have an injury or condition at all but whether it was connected to her employment, a compensability matter. *We do not read the* Williamson *case to extend to situations where there is some injury or condition supported by the evidence and the pertinent issue is*

16. *Id.* at 109–10.

17. *Id.* at 110.

18. *Id.*

19. *Id.*

20. *Id.*

21. *Id.* at 110–11.

22. *Id.* at 110.

23. *Id.* at 110–11.

24. *Id.*

25. *Id.* at 111.

26. *See Gill,* 173 S.W.3d at 880–81, 883–85; Appeals Panel No. 022274, 2002 WL 31474068, at *2; Appeals Panel No. 022027-s, 2002 WL 31474007, at *2; Appeals Panel No. 990223, 1999 WL 202028, at *3; Appeals Panel No. 990135, 1999 WL 163482, at *4; Appeals Panel No. 981847, 1998 WL 1012977, at *2.

*whether it relates to the employment, a compensability matter. To so extend Williamson would effectively read section 409.021(c) out of existence.*[27]

This court cited and adhered to this reasoning in *Zurich American Insurance Co. v. Gill.*[28]

## B. Application of *Williamson* and *Gill*

The CCH officer in the case before us found that "[o]n October 17, 2002, [Appellant] did not sustain an injury to her low back and right knee when she fell while carrying a box of personal items to move to another work station." However, the CCH order also states that Appellant "did have damage to the physical structure of her body." Because injury is defined as damage to the physical structure of the body, the only distinction between these two statements appears to revolve around when and how the alleged injury occurred. "Course and scope of employment" means an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer.[29] When and how the alleged injury occurred fits in this definition. Therefore, contrary to Appellee's assertion, the CCH officer did find that there was an injury, just that it did not occur in the course and scope of employment. As in the Appeals Panel cases cited in *Zurich*, "whether [the injury] related to [Appellant's] employment, a compensability issue, was the essence of the issue."[30]

Appellant asserted in her brief and in oral argument that whether there was an injury, as opposed to whether there was a compensable injury, was never an issue at the CCH hearing or before the Appeals Panel. Appellee did not contest this assertion during oral argument. There is no evidence in the record that Appellee argued this issue before the Appeals Panel. The Appeals Panel decision only stated that Appellee asserted error in the CCH officer's findings regarding waiver and disability, waiver referring to the failure to timely contest compensability. Appellee states that the finding of whether there was an injury was never appealed. We agree. The Texas Labor Code provides that trials are limited to issues decided by the commission appeals panel and on which judicial review is sought.[31] Cases interpreting this section hold that a party may not raise an issue in the trial court which was not raised before the TWCC Appeals Panel.[32] Therefore, because there is no evidence that Appellee appealed the CCH officer's finding that there was an injury, the issue was not properly before the trial court. Because the assertion of no injury by Appellee was not before the trial court, it is not before this court, and it is established that Appellant had an injury and *Williamson* is inapplicable.

## IV. Conclusion

The CCH officer and Appeals Panel held that the injury did not occur in the

27. Appeals Panel No. 981847, 1998 WL 1012977, at *2 (emphasis added).

28. *Gill,* 173 S.W.3d at 885.

29. Tex. Lab.Code Ann. § 401.011(12).

30. Appeals Panel No. 981847, 1998 WL 1012977, at *2.

31. Tex. Lab.Code Ann. § 410.302(b) (Vernon Supp.2005).

32. *Krueger v. Atascosa County,* 155 S.W.3d 614, 619 (Tex.App.-San Antonio 2004, no pet.); *Hefley v. Sentry Ins. Co.,* 131 S.W.3d 63, 65 (Tex.App.-San Antonio 2003, pet. denied); *St. Paul Ins. Co. v. Mefford,* 994 S.W.2d 715, 719–20 (Tex.App.-Dallas 1999, pet. denied).

course and scope of employment. Because we have previously held that such an issue is a compensability issue, Appellee waived its right to contest the compensability of the injury by not raising it within the sixty-day deadline provided by the Texas Labor Code.[33] The trial court erred by granting summary judgment in favor of Appellee. We sustain Appellant's issues. We reverse and remand for further proceedings.

---

33. TEX. LAB.CODE ANN. § 409.021(c).