Opinion filed April 26, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed April 26, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00158-CV 

                                                    __________

 

                    TEXAS DEPARTMENT OF INSURANCE, DIVISION 

                          OF
WORKERS= COMPENSATION, Appellant

 

                                                             V.

 

                                   MICHAEL
E. JACKSON, Appellee                    

 



 

                                  On
Appeal from the County Court at Law No. 2

 

                                                           Ector County, Texas

 

                                              Trial
Court Cause No. CC2-16,144

 



 

                                                                   O
P I N I O N








This is a workers=
compensation case.  Michael E. Jackson
filed suit to appeal the Texas Workers=
Compensation Commission=s
Appeals Panel=s[1]
decision that he was not entitled to lifetime income benefits (LIBs).  The TWCC filed a petition in intervention to
support the panel=s
decision, and the case was set for trial. 
During a hearing on the parties=
motions in limine, the trial court ruled that Jackson could file a trial amendment and
could introduce medical evidence on his disability as of the date of the
trial.  In response, the TWCC asserted a
plea to the jurisdiction.  The trial
court denied the plea and abated the case to allow the TWCC to prosecute an
interlocutory appeal.  We reverse and
remand.

                                                             I.  Background Facts

Jackson
injured his left knee and leg while in the course and scope of his employment
for FLO CO2 Ltd. in 1994.  He asserted a
claim for LIBs and a claim for reimbursement of travel expenses.  The TWCC conducted a contested case hearing
(CCH) in 2002.  The hearing officer
identified the following disputed issues:

1.  Is the
Claimant entitled to lifetime income benefits based on the total and permanent
loss of use of both feet, as of the date of the hearing?

 

2.  Is the
Claimant entitled to reimbursement of travel expenses for medical treatment at
the direction of Dr. John Carroll McConnell in Greenville, Texas?

 

Following the CCH, the hearing officer issued a decision and
order that included findings of fact and conclusions of law.  The hearing officer found that Jackson was not entitled
to LIBs as of the date of the CCH but that he was entitled to reimbursement for
his travel expenses.  Jackson appealed the hearing officer=s LIBs ruling to the TWCC Appeals
Panel.  The panel affirmed, and Jackson appealed to state
court.

The parties exchanged motions in limine prior to
trial.  TWCC=s
motion included a request that no party argue or present any evidence on any
issue other than Jackson=s
entitlement to LIBs as of the date of the CCH. 
After considering the argument, the trial court denied TWCC=s request, allowed Jackson
to file a trial amendment, and announced that it would allow evidence of Jackson=s disability as of the date of
trial.  The trial court then allowed TWCC
to urge a plea to the jurisdiction and, after additional argument, denied that
plea.

                                                                       II.  Issues

TWCC challenges the trial court=s denial of its plea to the
jurisdiction with a single issue, contending that the trial court=s jurisdiction was limited to the
issues decided by the appeals panel and, therefore, that it could only consider
whether Jackson was entitled to LIBs as of the date of the CCH.

 








                                                                     III.
Analysis

A. 
Standard of Review. 

Whether the trial court has subject-matter
jurisdiction is a question of law that we review de novo.  Tex.
Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). We do not look to the merits of
the case but consider only the pleadings and evidence relevant to the
jurisdictional inquiry.  Id. at 227.

B.  What
is the Trial Court=s
Jurisdiction?   

A party aggrieved by a decision of the appeals
panel has the right to seek judicial review if it has first exhausted its
administrative remedies.  See Tex. Lab. Code Ann. '' 410.251, 410.301 (Vernon 2006).[2]  The Workers=
Compensation Act provides a three-step administrative process for resolving
disputed issues.  Compliance with each
step is a prerequisite to participation in the next level, and subsequent
proceedings are limited by the scope of the prior proceeding.  

The process starts with a benefit review
conference (BRC), which is an informal dispute resolution proceeding.  Section 410.021.  If the BRC is unsuccessful, the parties
proceed to a CCH.  See Sections
410.151-.169.  The CCH=s scope is limited to the issues raised
at the BRC unless the parties consent or good cause existed for not raising it
at the BRC.  Section 410.151.  A party dissatisfied with the hearing officer=s decision can appeal to the appeals
panel.  See Section 410.202. This
appeal is not a trial de novo but is limited to a review of the CCH
record.  See Section 410.203.[3]  The losing party can appeal the panel=s decision to state court.  See Section 410.251.  The trial is not a de novo review of any
compensation-related issues.  Section
410.302 limits the issues that the trial court can consider to (1) issues
determined by the appeals panel and (2) issues that are specifically raised by
the appealing party in its appeal.  Alexander
v. Lockheed Martin Corp., 188 S.W.3d 348, 353 (Tex. App.CFort Worth 2006, pet. denied).








The three-step administrative process is a
building block process.  Each step is
contingent upon completion of the prior proceeding and is limited to the scope
of that proceeding.  The only exception
to this is at the CCH, and ultimately, this exception is controlled by the
hearing officer. Moreover, the hearing officer is the only individual with the
authority to excuse exhaustion of administrative remedies upon a showing of
good cause.  Thus, the legislature has
made clear that it intended for the hearing officer to make the initial
decision in a workers=
compensation dispute and that all subsequent proceedings are limited to a
review of that decision.  

            The hearing officer determined Jackson=s
eligibility for LIBs Aas
of the date of the hearing.@
Whether Jackson
is entitled to LIBs as of the date of trial is a related but separate
question.  For example, the fact-finder
could determine that the hearing officer was correct and that Jackson was not entitled to LIBs as of the
date of the CCH but, because of subsequent events, was entitled to LIBs as of
the date of trial.  This would convert
the trial from an appeal to a trial de novo. 


The trial court expressed its concern that
limiting the trial to Jackson=s
eligibility for LIBs as of the date of the CCH and requiring him to initiate a
new administrative proceeding to determine his eligibility for subsequent
benefits would be inefficient.  We do not
disagree that in this instance allowing the fact-finder to exceed the scope of
the appeals panel=s
decision would reduce the need for an additional administrative claim and,
therefore, save time and effort.  But,
because the legislature did not give trial courts the authority to excuse
exhaustion of administrative remedies, we must assume that the legislature
determined that the benefits of requiring the hearing officer to make all
initial decisions outweighed any potential efficiencies that could be gained
with a complete trial de novo.  Consequently,
the trial court lacked jurisdiction to consider Jackson=s
eligibility for LIBs beyond the date of the CCH, and TWCC=s issue is sustained.  

         IV. Holding

The judgment of the trial court is reversed, and
this cause is remanded to the trial court for further proceedings.

 

 

RICK STRANGE

JUSTICE

April 26, 2007

Panel
consists of: Wright, C.J., 

McCall,
J., and Strange, J.











[1]The legislature abolished the Texas Workers= Compensation Commission on September 1, 2005, and
transferred its responsibilities to the Texas Department of Insurance, Division
of Workers= Compensation. 
Act of May 29, 2005, 79th Leg. R.S., ch. 265 '' 8.001(b), 8.004(a), 2005 Tex. Sess. Law Serv. 608.  Because the TWCC was still in existence at
all times relevant to this dispute, we will refer to it rather than the
Division.





[2]All statutory citations are to the Texas Labor Code.





[3]If a party is dissatisfied with any part of the hearing
officer=s decision, it must file an appeal because the hearing
officer=s fact findings are otherwise binding in subsequent
proceedings B even if the overall decision is favorable.  See, e.g., Krueger v. Atascosa County,
155 S.W.3d 614, 618-20 (Tex.
App.CSan Antonio 2004, no pet.) (pro se claimant who
received a favorable result at the contested case hearing and did not file an
appeal with the appeals panel could not raise issues in judicial review suit
that were not presented to the appeals panel).