Order filed May 17, 2007
















 




 
 
  
 
 







 
 
  
 
 




Order filed May 17, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00086-CV 

                                                    __________

 

                                    ROSAURA O. LOPEZ, Appellant

 

                                                             V.

 

                           ZENITH
INSURANCE COMPANY, Appellee

 



 

                                        On
Appeal from the County Court at Law

 

                                                        Midland County, Texas

 

                                                Trial
Court Cause No. CC-12083

 



 

                                                                     O
R D E R

Our former opinion and judgment dated April 19,
2007, are withdrawn, and our opinion and judgment dated May 17, 2007, are
substituted therefor.  The motion for
rehearing filed by Zenith Insurance Company is overruled.

 

 

RICK STRANGE

JUSTICE

May 17, 2007

Panel
consists of: Wright, C.J.,

McCall,
J, and Strange, J.

 











 
 
  
 
 







 
 
  
 
 




Opinion filed May 17, 2007

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of
Appeals

                                                                   __________

 

                                                          No. 11-06-00086-CV 

                                                    __________

 

                                    ROSAURA O. LOPEZ, Appellant

 

                                                             V.

 

                           ZENITH INSURANCE COMPANY, Appellee

 



 

                                        On
Appeal from the County Court at Law

 

                                                        Midland County, Texas

 

                                                Trial
Court Cause No. CC-12083

 



 

                                                                   O
P I N I O N

This is a workers=
compensation case.  Zenith Insurance
Company filed suit to appeal the Texas Workers=
Compensation Commission=s
Appeals Panel=s[1]
decision that it had waived the right to dispute Rosaura O. Lopez=s workers=
compensation claim.  The trial court
granted Zenith=s motion
for summary judgment finding that Zenith had timely controverted Lopez=s claim and that, because Lopez had not
suffered an injury in the course and scope of her employment, Zenith could not
waive its right to contest her claim.  We
reverse and remand.

                                                             I.  Background Facts








Lopez was employed at Best Inn & Suites in Midland as a
housekeeper.  Zenith was Best Inn=s workers=
compensation carrier.  Lopez claimed that
she injured herself while in the course and scope of her employment on March
21, 2003.  Stephanie Carby, an adjustor
for Zenith, interviewed Lopez on June 18 and June 23, 2003.  The second interview was recorded and was
conducted with the benefit of an interpreter. 
During this interview, Lopez told Carby that she had also hurt herself
sometime in April.  Carby estimated that
the second injury occurred on April 1.

On August 28, 2003, the TWCC conducted a benefit
review conference.  During that
conference, Lopez contended that the April incident occurred on April 4.  The parties were unable to reach an agreement
during the conference; and on September 4, Zenith filed a notice of
controversion.  Zenith=s notice was dated June 25, 2003, and
identified the date of injury as April 1, 2003.

The TWCC conducted a contested case hearing in
November.  The hearing officer identified
the following disputed issues with respect to the April injury:

1.  Did Claimant sustain a compensable injury in
the course and scope of employment on April 4, 2003?

 

2.  Is Carrier relieved from liability under
Texas Labor Code Ann. Sec. 409.002 because of Claimant=s
failure to timely notify Employer pursuant to Sec. 409.001?

 

3.  Does Claimant have disability as a result of
her injury of April 4, 2003?

 

4.  Has Carrier waived the right to contest the
compensability of the claimed injury by not timely contesting the injury in
accordance with Texas Labor Code Ann. Sec. 409.021 and Sec. 409.222?

 

Following the hearing, the hearing officer issued a decision and
order that included findings of fact and conclusions of law.  The hearing officer found that Lopez did not
injure herself or suffer damage or harm to the physical structure of her body
during the course and scope of her employment and that Lopez did not timely
report an April injury to her employer. 
The hearing officer found that Zenith received written notice of the
April 1 claim on June 18 and received written notice of the April 4 claim on
September 13 when Lopez responded to Zenith=s
interrogatories.  The hearing officer
also found that Zenith did not begin paying benefits or controvert the April 1
or April 4 claims within seven days of receiving written notice.  The hearing officer concluded, however, that
Zenith had not waived its right to contest Lopez=s
claim because she did not suffer a compensable injury and, therefore, that
Zenith was not liable for benefits.








Lopez, but not Zenith, appealed this decision to
the TWCC Appeals Panel.  The panel
utilized the April 4 injury date and found that, because Zenith did not begin
paying benefits or controvert Lopez=s
claim within seven days of receiving her interrogatory answers, it had waived
the right to contest the compensability of that injury.  Zenith appealed the panel=s decision to state court and filed a
traditional motion for summary judgment arguing that the panel=s decision was erroneous as a matter of
law.  The trial court granted Zenith=s motion and entered a final judgment
reversing the panel=s
decision.

                                                                       II.  Issues

Lopez challenges the trial court=s summary judgment with two
issues.  First, Lopez argues that the
trial court erred because Zenith failed to contest her claim within seven days
after it received written notice of her injury. 
Second, Lopez argues that the trial court erred because the hearing
officer=s finding
of no injury in the course and scope of her employment does not support an
exception to the provisions of Tex. Lab.
Code Ann. ''
409.021, 409.022 (Vernon 2006).

                                                                     III.
Analysis

A.  Did
Zenith Timely Contest Lopez=s
Claim?

For injuries occurring prior to September 1, 2003,
Section 409.021 required carriers to initiate benefits or notify the TWCC and
the employee in writing of its refusal to pay benefits within seven days of
receiving written notice of an injury.[2]  Lopez argues that her statement to Carby
during the June 23 interview that she injured herself at work in April
constituted a written notice of injury and that, because Zenith did not file a
notice of controversion within seven days of this interview, it did not comply
with Section 409.021.  Zenith answers
that Lopez=s oral
statement cannot constitute a written notice, contends that it did not receive
written notice until Lopez=s
recorded statement was transcribed on September 5, and argues that the date of
notice has previously been determined because Lopez did not controvert Carby=s affidavit.

B.  Did
the Trial Court Have Jurisdiction to Consider Zenith=s Controversion?








We need not resolve whether oral notice can
constitute a written notice of injury or if Zenith timely controverted Lopez=s claim because the trial court lacked
jurisdiction to consider this issue. 
Subject matter jurisdiction may be raised for the first time on appeal
by the parties or by the court. Univ. of Tex.
Sw. Med. Ctr. at Dallas v. Loutzenhiser, 140
S.W.3d 351, 358 (Tex.
2004).  In fact, courts are Aobliged to ascertain that
subject matter jurisdiction exists regardless of whether the parties have
questioned it.@  Id.

The hearing officer=s
findings are binding if not appealed.  Tex. Lab. Code Ann. ' 410.169 (Vernon 2006); see also TIG
Premier Ins. Co. v. Pemberton, 127 S.W.3d 270, 276 (Tex. App.CWaco 2003, pet. denied) (claimant could
not complain about the hearing officer=s
finding of no causal relationship between his fall and the subsequent diagnosed
medical condition because he did not raise that issue with the appeals
panel).  The hearing officer specifically
found that Zenith did not file a notice of controversion within seven days of
receiving written notice of injury.  The
appeals panel=s
decision indicates that only Lopez appealed the hearing officer=s findings.

We realize that Zenith received a favorable result
from the hearing officer.  This does not
alter the analysis.  The trial court
lacks jurisdiction to consider new issues because, in that instance, the moving
party has failed to exhaust its administrative remedies.  See id. The TWCC allowed a party to
make a conditional request for review by the appeals panel if the overall
contested-case- hearing decision was favorable. 
See 28 Tex. Admin. Code
' 143.3(c) (West 2007).  Zenith, therefore, had the opportunity to
appeal the hearing officer=s
finding but did not do so and, consequently, did not exhaust its administrative
remedies.  See Krueger v. Atascosa County,
155 S.W.3d 614, 618-20 (Tex.
App.CSan
Antonio 2004, no pet.) (pro se claimant who received a favorable result at the
contested case hearing and did not file an appeal with the appeals panel could
not raise issues in judicial review suit that were not presented to the appeals
panel).

Furthermore, Section 410.302 limits the issues
that the trial court can consider when an appeals panel decision is
appealed.  Tex. Lab. Code Ann. ' 410.302 (Vernon 2006).  The statute requires that the appealing party
Aspecifically set forth the
determinations of the appeals panel by which [it is] aggrieved.@ Id.  The appeals panel noted in its decision that
the hearing officer found that Zenith first received written notice on
September 13 and then wrote A[t]he
carrier does not assert that it submitted a >Cert-21,= within the required period.@ 
Zenith=s
petition does not complain of this determination.[3]








Judicial review is restricted to issues raised
before the appeals panel regardless of which party initiates the appeal.  Krueger, 155 S.W.3d at 619.  Because Zenith did not appeal the hearing
officer=s and
appeal panel=s
determinations that it did not timely file a notice of controversion, the trial
court lacked jurisdiction to consider this issue.  Lopez=s
first issue is moot.

C. Did Zenith Waive the Right to Contest Lopez=s Injury?

The hearing officer found that Lopez Adid not injure herself or suffer damage
or harm to the physical structure of her body during the course and scope of
her employment on April 4, 2003 while vacuuming for Employer.@ 
Lopez did not appeal this determination, and she acknowledges that it
has now become final.  She contends,
however, that this is of no consequence because Zenith failed to timely
controvert her injury.  Zenith answers
that it was not required to file a notice of controversion because Lopez
suffered no injury.

The trial court agreed with Zenith and cited Continental
Casualty Company v. Williamson, 971 S.W.2d 108 (Tex. App.CTyler 1998, no pet.), for the
proposition that Zenith did not waive its right to contest Lopez=s claim because she suffered no injury
in the course and scope of her employment. 
The appeals panel agreed with Lopez. 
It held that Williamson applied when there was a finding of no
injury but not when there was a finding of no compensable injury.  Because the medical records established that
Lopez has cervical/brachial syndrome, a shoulder sprain/strain, an elbow
injury, and a wrist sprain/strain and because Zenith did not appeal the hearing
officer=s finding
that Lopez had been unable to obtain and retain employment due, in part, to the
April 4 injury, the panel found that she did have an injury B if not a compensable injury B and that Zenith had waived the right
to contest the compensability of that injury.








We agree with the appeals panel.  When the legislature adopted Chapter 409 of
the Labor Code,[4]
it established several deadlines for employees, employers, and carriers and
imposed consequences for failing to meet these deadlines.  The legislature intended to create a
streamlined process for administering compensation claims to avoid delays that
caused financial hardship for claimants and a consequent need for early
attorney involvement.   Cont=l
Cas. Co. v. Downs, 81 S.W.3d 803, 806 (Tex. 2002). 
An efficient system also benefits employers and carriers by reducing
costs.  The legislative deadlines and
their application are an important part of this streamlined process.  

For pre-September 1, 2003 injuries, Section
409.021(a) required carriers either to begin paying benefits or to give notice
of their refusal to pay benefits within seven days of the receipt of written
notice of injury.  For all injuries if
the carrier chooses to dispute a claim, it must state the basis for that
refusal and ordinarily is limited to that basis in subsequent proceedings.  See Section 409.022(b).  If, however, it begins paying benefits, the
carrier has sixty days from the date it was notified of the injury to conduct
an investigation and may deny compensability for any valid reason.  Section 409.021(c).  For pre-September 1, 2003 injuries, if the
carrier neither began paying benefits nor controverted a claim within seven
days, it lost the right to take advantage of the sixty-day investigative period
and was required to pay benefits.  Downs, 81 S.W.3d at 807.  For post-September 1, 2003 injuries, missing
this deadline constitutes an administrative violation that subjects the carrier
to a mandatory fine.  See Section
409.021(a)(2)(B)(a-1).

In Williamson, 971 S.W.2d at 108, the
carrier missed both the seven-day and sixty-day deadlines.  The claimant fell down a staircase at work
and was taken to the doctor by his employer=s
safety director.  The doctor found no
injury and released the claimant to return to work.  The safety director wrote the company=s workers=
compensation carrier a letter and relayed the events to them including the
doctor=s finding
of no injury. The carrier did not contest the compensability of the injury for
more than sixty days after it first received notice.  The hearing officer determined that the fall
was staged and that the claimant was not injured.  The hearing officer also held that the
carrier had waived its right to contest the claim. However, because there was
no injury, the hearing officer determined that the claimant was not entitled to
any benefits.  The Tyler Court agreed with the hearing
officer.  It noted the difference between
an injury and a compensable injury and held that the failure to timely
controvert a claim cannot create a compensable injury where no injury otherwise
exists.  Id. at 110-11.








The Fort
 Worth Court has twice held that this rule does not
apply when there is an injury and the dispute is over the compensability of
that injury.  Alexander v. Lockheed
Martin Corp., 188 S.W.3d 348 (Tex. App.CFort
Worth 2006, pet. denied); Zurich Am. Ins. Co. v. Gill, 173 S.W.3d 878
(Tex. App.CFort Worth
2005, pet. denied).  The court held that
this distinction was necessary, at least in part, to effectuate the legislative
intent behind Section 409.021.  The
statute requires a prompt initial decision and creates an incentive for
carriers to initially pay benefits if there is any question about the
compensability of a claim B
but it also provides a quick administrative process to resolve any disputed
issues.  However, the opportunity to
participate in this process is conditioned upon compliance with the statute=s deadlines.  See Downs, 81 S.W.3d at 807 (when
carrier fails to comply with seven-day deadline to pay or dispute, it may not
avail itself of sixty-day period to investigate or deny compensability).

If a carrier loses the right to contest the
compensability of a claim, it may sometimes be required to pay a claim that it
could have successfully challenged.  This
will financially impact the carrier and, from its perspective, will appear as a
windfall to the claimant.  But because
any benefits are calculated based upon an actual injury, if the claimant were
not entitled to workers=
compensation benefits, presumably they would be entitled to other forms of
private or public disability benefits or medical coverage.  However, if the carrier is required to pay
benefits to an uninjured individual, by definition a windfall results because
the claimant is receiving benefits that could not be owed by anyone for a
condition that does not exist.

Zenith argues that the Fort Worth Court and the appeals panel
have reached the wrong result because they both misinterpret the definition of Ainjury@
in workers=
compensation cases.  Zenith argues that
claimants must establish that their injury is the result of an accident rather
than a pre-existing condition and that, if they cannot do so, the carrier is
under no obligation to controvert their claim. 
We agree with Zenith that pre-existing conditions are normally not
compensable and that the effect of a waiver holding is to require a carrier to
pay benefits for an injury that may be a non-compensable, pre-existing
condition.  We do not agree, however,
with Zenith=s
conclusion that the Fort Worth
 Court and TWCC Appeals Panel have misinterpreted
the definition of injury.  We believe
both have properly recognized the distinction between an injury and a
compensable injury and believe further that their analysis is consistent with
the Williamson decision.

In Alexander, 188 S.W.3d at 348, the
claimant had a pre-existing condition which required the use of a cane and for
which she had previously received group health benefits.  In Gill, 173 S.W.3d at 878, the
claimant suffered from allergic rhinitis and maxillary sinusitis.  In both cases, the claimant=s physical condition was not disputed;
but in each the hearing officer found that the injury was not sustained in the
course and scope of their employment.  In
Williamson, 971 S.W.2d at 109, the hearing officer found that AClaimant did not sustain damage or harm
to the physical structure of his body in the course of an incident on the
staircase at the premises of his employer.@








Zenith correctly notes that the Williamson
finding is similar to one made by the hearing officer in this case.[5]  Zenith concludes that this finding equates to
a finding of no injury and, therefore, that Williamson  is applicable and that it could not waive its
right to contest Lopez=s
claim.  The verbiage of the two findings
is similar, but so too was the finding in Alexander, 188 S.W.3d at 350.[6]  Our analysis requires that we consider these
findings B not in
isolation, but in light of the entire record. 
The distinguishing factor is that in Williamson the medical
doctor reported that the claimant did not suffer any injury.  In Alexander, Gill, and our case, the
medical records indicated that the claimant had an injury.  In fact, the doctor who evaluated Lopez at
the TWCC=s request
found that she had a 5% whole person impairment.  

The dispute was whether that injury was
compensable.  During closing argument at
the contested case hearing, Zenith=s
counsel summarized its position by saying:

Your Honor, with respect to the injury that
occurred in April or alleged to have occurred in April, one, I think the
evidence clearly established if she did sustain any kind of compensable injury
on that date, she didn=t
report it timely to her employer.  That=s clear from the testimony.  And she had no disability that would have
resulted from an injury, had there been a compensable injury.  As it was, there was no compensable injury.

 

On appeal, Zenith argues that Lopez=s
medical records do not establish an injury because they do not show damage or
harm to the physical structure of the body that is traceable to a definite
time, place, and cause.  Thus, by necessity,
any injury is a pre-existing condition. 
Zenith cites no summary judgment evidence characterizing Lopez=s injury as a pre-existing condition,
but even if we assume that her injury was, that alone is not dispositive
because the aggravation of a pre-existing condition is compensable.  Peterson v. Cont=l Cas. Co.,
997 S.W.2d 893, 895 (Tex. App.CHouston
[1st Dist.] 1999, no pet.).  








Zenith=s
argument is based upon the premise that the claimant has the burden of proof to
establish a compensable injury and that substantive satisfaction of this burden
B as opposed to procedural or avoidance
issues[7]
B can be challenged on appeal regardless
of whether the carrier complies with Section 409.021.  Zenith=s
position would render the statute=s
deadlines largely meaningless because it would exempt most, if not all, medical
issues from the scope of the legislature=s
waiver provision. Clearly, the legislature intended that the carrier=s initial decision be made promptly and
that in any instance their investigation be completed shortly thereafter.  By imposing strict deadlines and a waiver
provision, the legislature adopted a scheme whereby in some instances the
carrier can be forced to pay benefits even though the claimant did not
completely discharge its burden of proof at the contested case hearing.  The statute=s
language does not support a construction that exempts medical issues from this
process.

We also note that the Texas Supreme Court has
twice now had the opportunity to review the Fort Worth Court
=s
construction of the statute but has not done so.  We believe that the Fort Worth Court
=s
analysis of the statute is correct and is not inconsistent with the Williamson
holding.  The trial court erred when it
held that as a matter of law the hearing officer=s
finding of no injury in the course and scope of employment prohibited the
application of the waiver doctrine. 
Lopez=s second
issue is sustained.

                     IV. Holding

The judgment of the trial court is reversed, and
this case is remanded to the trial court for further proceedings.

 

 

RICK STRANGE

JUSTICE

 

May 17, 2007

Panel
consists of: Wright, C.J., 

McCall,
J., and Strange, J.











[1]The legislature abolished the Texas Workers= Compensation Commission on September 1, 2005, and
transferred its responsibilities to the Texas Department of Insurance, Division
of Workers= Compensation. 
Act of May 29, 2005, 79th Leg. R.S., ch. 265 '' 8.001(b), 8.004(a), 2005 Tex. Sess. Law Serv. 608.  Because the TWCC was still in existence at
all times relevant to this dispute, we will refer to it rather than the
Division.





[2]The statute now provides carriers with fifteen days to
make this initial decision.





[3]Zenith=s petition indicates that it was appealing the reversal
of the hearing officer=s decision and was seeking to affirm the following
findings and conclusions of the hearing officer:

 

$  Claimant did
not injure herself or suffer damage or harm to the physical structure of her
body during the course and scope of employment on April 4, 2003 while vacuuming
for Employer.

$  Claimant did
not report the claimed injury of April 4, 2003 to Employer within 30 days of
April 4, 2003.

$  Claimant did
not sustain a compensable injury in the course and scope of employment on April
4, 2003.

$  Because
Claimant did not sustain a compensable injury, she did not have disability.

$  Carrier is
relieved from liability under Texas Labor Code Ann. Sec. 409.002 because of
Claimant=s failure to timely notify Employer pursuant to Sec.
409.001.

$  Even though
Carrier did not timely contest the claimed injury, Carrier did not waive its
right to contest compensability because Claimant did not sustain a compensable
injury.

 

 





[4]Tex. Lab. Code Ann. ch. 409 (Vernon 2006).





[5]The hearing officer found that AClaimant did not injure herself or suffer damage or
harm to the physical structure of her body during the course and scope of employment
on April 4, 2003 while vacuuming for Employer.@





[6]The hearing officer=s
decision stated that A[a]lthough [Appellant] did not sustain an injury in the
course and scope of employment on October 17, 2002, her injury is compensable
because [Appellee] waived the right to contest compsensability.@  





[7]For example, timely reporting an injury or intentional
injuries.