Opinion issued December 20, 2007













     




In The
Court of Appeals
For The
First District of Texas




NO. 01–06–01157–CV




ROBERT F. GREEN, Appellant

V.

FORT BEND INDEPENDENT SCHOOL DISTRICT, Appellee




On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 03-CV-131585




MEMORANDUM OPINION




          This is an appeal from a suit for judicial review of a decision of the Texas
Workers’ Compensation Commission (“TWCC”).


 The TWCC determined that
appellant, Robert F. Green, suffered a compensable injury while on the job as a
school teacher for appellee, Fort Bend Independent School District (“FBISD”), and
that Green was disabled for the period of August 17, 2002 to October 3, 2002. Green
appealed the determination of the period of disability to the trial court. The trial court
affirmed the decision of the TWCC.
          On appeal, Green presents four issues. In his first issue, Green contends that
the trial court erred by admitting evidence of prior and collateral injuries because
compensability was not appealed. In his second issue, Green contends that the trial
court erred by failing to give presumptive weight to the findings of the “designated
doctor.” In his third issue, Green contends that the “trial court erred in excluding
and/or failing to consider evidence of the date of maximum medical improvement.” 
In his fourth issue, Green challenges the factual sufficiency of the evidence to support
the trial court’s conclusion that Green’s period of disability ended October 3, 2002.
          We affirm.Background Summary
          At the time of his injury, Green was employed as a fifth-grade school teacher
for FBISD. On August 16, 2002, during class, Green injured his lower back while
moving a desk to plug in an overhead projector. Green was taken to the hospital by
ambulance and treated by Dr. Linda Galvan, who prescribed medications and issued
a three-day release from work.
          On August 19, 2002, Green was examined by his chiropractor, Dr. Brett
Garner, who prescribed a treatment plan and ordered that Green remain off of work
pending further diagnostics and consultation with a pain management specialist. 
          On September 10, 2002, Green underwent a functional capacity assessment as
a follow up to an unrelated knee injury that he suffered in April 2002. The evaluation
is designed to test a patient’s ability to lift, push, or pull in various postures and to
compare the patient’s strength to certain norms. According to the findings, Green
demonstrated an “ability to perform at a medium-heavy physical demand level.” The
report reflects that Green expressed feeling pain in his knee during the exercises, but
does not mention any back injury or associated pain.
          On September 13, 2002, Dr. Garner referred Green to North Houston Imaging,
where Green underwent an MRI. The findings of Dr. Francis Lee included that Green
had suffered a disc herniation between the fifth lumbar and first sacral vertebrae. 
          On September 18, 2002, on Dr. Garner’s referral, Green was examined by Dr.
Ali Mohamed. Dr. Mohamed found severe muscle spasms occurring in Green’s back
and concluded that Green suffered from, inter alia, lumbar disc syndrome. Dr.
Mohammed prescribed pain medications, referred Green back to Dr. Garner for
continued rehabilitation of the lumbar spine, and recommended joint injections.
          On October 3, 2002, FBISD requested that Green, who was still off of work,
see Dr. Charles F. Xeller for an independent evaluation. Dr. Xeller performed a
capacity evaluation in which he asked Green to perform a series of exercises to
evaluate the range of motion in Green’s back. Green was instructed to stand and
squat in different positions. On October 17, 2002, Dr. Xeller issued a report and a
release for Green to return to work with the restriction that he not lift over 25 pounds. 
Dr. Xeller found that Green had only residual tightness in his lower back and that he
was able to perform his duties as a school teacher.
          On October 28, 2002, Dr. Garner referred Green to Diagnostic Radiology of
Houston, where Green underwent another MRI. The findings on that date were that
there was “disc bulging” at the fifth lumbar vertebra. 
          Green received workers’ compensation benefits


 from the week after his
August 16, 2002 injury until October 3, 2002, the date that Dr. Xeller determined
Green could return to work. Green disputed the cessation of benefits. On January 10,
2003, the TWCC conducted a benefit review conference to mediate resolution of the
dispute, but the parties were unable to reach an agreement.
          On February 10, 2003, at the request of TWCC, Green was examined by Dr.
Suzanne Page. As stated in her report, Dr. Page diagnosed a “herniated lumbar disc”
and opined that Green would reach maximum medical improvement


 (“MMI”) on or
about April 20, 2003. Dr. Page also concluded in her report that she did “not see any
reason for Mr. Green to be off work. He passed a [functional capacity exam] on 09-10-2002 that showed he was clearly able to work at his usual job. Appropriate time
off or treatment is all that was needed.”
          On May 1, 2003, TWCC held a benefit contested case hearing to determine
whether Green sustained a compensable injury on August 16, 2002, whether he also
sustained a disability, and, if so, for what period he was disabled. The TWCC’s
decision was that “[Green] sustained a compensable injury on August 16, 2002 and
had resulting disability only for the period August 17, 2002 through October 3, 2002
[the date of Dr. Xeller’s capacity evaluation]. Temporary income benefits are payable
for all periods of disability through the date of maximum medical improvement. . . .”
          On June 2, 2003, at the request of the TWCC, Dr. Page examined Green again. 
She concluded that Green “had reached MMI and did so effective on 06-02-2003.” 
          Green appealed the TWCC decision to the TWCC appellate panel. 
Specifically, the appellate decision states that “[t]he hearing officer’s determination
on the compensable injury has not been appealed and has become final pursuant to
Section 410.169,” and the issue before it was “the period of disability.” The appellate
panel held that Green’s period of disability ended on October 3, 2002, when Dr.
Xeller found that Green was able to return to performing his duties as a school
teacher. The appellate panel noted that Green had submitted evidence that, on June
2, 2003, Dr. Page had examined him and had concluded that Green “had reached
MMI and did so effective on 06-02-2003,” but the panel refused to consider the
evidence because it was brought “well after the time for filing his appeal.”
          On August 25, 2003, Green filed a petition for judicial review in the 240th
District Court, alleging that he was entitled to recover a full 41 weeks of
compensation benefits. Green contends that his benefits should have been extended
to June 2, 2003, his date of maximum medical improvement.



          On September 10, 2003, FBISD answered with a general denial. On October
18, 2006, the matter was tried to the bench. On December 4, 2006, in affirming the
decision of the TWCC appellate panel, the trial court concluded that Green did not
suffer a disability as a result of his compensable injury beyond October 3, 2002. In
addition, the trial court found that the temporary income benefits for the disability
Green suffered from August 17, 2002 to October 3, 2002 have been paid and that no
further income benefits are owed. This appeal ensued.
Evidence of Prior and Collateral Injuries
          In his first issue, Green contends that the trial court erred by erroneously
admitting evidence of his prior back injury and collateral evidence of his knee injury. 
Appellant contends that this evidence goes to the issue of compensability of the
August 16, 2002 injury and, as such, should not have been admitted because the issue
of compensability was not appealed.
          A party may not raise an issue in the trial court that was not raised before the
TWCC appeals panel. Tex. Lab. Code Ann. § 410.302(b) (Vernon 2006); Alexander
v. Lockheed Martin Corp., 188 S.W.3d 348, 353 (Tex. App.—Fort Worth 2006, pet.
denied).
          In his petition, Green challenged the period of disability as determined by the
TWCC appeals panel. FBISD answered with a general denial and did not challenge
the compensability of Green’s injury. The decision of the TWCC appellate panel
indicates that “[t]he hearing officer’s determination on the compensable injury has not
been appealed and has become final pursuant to Section 410.169” and the only issue
it considered was “the period of disability.” 
          The undisputed issue on appeal is the period of Green’s disability. The TWCC
determined that Green’s period of disability began on August 17, 2002 and concluded
on October 3, 2002, the date of Dr. Xeller’s evaluation. Green contends that his
period of disability extended to the date of his maximum medical improvement. 
          The admission of evidence is “committed to the trial court’s sound discretion.” 
Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex. 1998). A trial
court abuses its discretion if it acts without guiding rules or principles. Id. We must
uphold the trial court’s evidentiary ruling if there is any legitimate basis for the
ruling. See id. We will not reverse a trial court for an erroneous evidentiary ruling
unless the error probably caused the rendition of an improper judgment or probably
prevented the appellant from properly presenting his case to the court of appeals. See
Tex. R. App. P. 44.1(a); Malone, 972 S.W.2d at 43; Benavides v. Cushman, Inc., 189
S.W.3d 875, 879 (Tex. App.—Houston [1st Dist.] 2006, no pet.).
          Green contends that the trial court erroneously admitted the evidence of his
September 10, 2002 functional capacity assessment because it related to a collateral
matter—his prior knee injury. As FBISD points out, the record reflects that Green
failed to object to the admission of the Functional Capacity Assessment, therefore
error is not preserved. See Tex. R. App. P. 33.1. 
          Green next contends that the trial court erroneously admitted the June 24, 2002
report of Dr. Garner because it pertains to matters occurring two months prior to the
injury at issue. Dr. Garner’s report states that Green, at that time, suffered from lower
back pain and had been diagnosed with a herniated disc between the fourth and fifth
lumbar vertebrae and a “bulge” between the fifth lumbar vertebra and the first sacral
vertebra. The trial court overruled Green’s objection to the admission of the report.
          A “disability” is the inability because of a compensable injury to obtain and
retain employment at wages equivalent to the preinjury wage. See Tex. Lab. Code
Ann. § 401.011(16). Evidence is relevant if it has any tendency to make the
existence of any fact that is of consequence to the determination of the action more
or less probable than it would be without the evidence. Tex. R. Evid. 401. FBISD
does not dispute that Green suffered a compensable injury on August 16, 2002;
rather, FBISD contends that the length of the period of disability that Green asserts
is not “because of a compensable injury.” Dr. Garner’s report of June 24, 2002
establishes that Green had suffered a prior herniation at his fifth lumbar vertebra. 
This evidence bears on whether it was more or less probable that Green’s inability to
retain employment was “because of” the compensable injury that occurred on August
16, 2002. See Tex. Lab. Code Ann. § 401.011(16); Tex. R. Evid. 401.
          In addition, Green testified at trial that he had never experienced back pain or
a herniated disk prior to his August 16, 2002 injury. As such, Dr. Garner’s report was
probative of Green’s credibility. See Tex. R. Evid. 401. 
          We conclude that there exists a legitimate basis for the trial court’s admission
of the evidence and, therefore, we must uphold it. See Malone, 972 S.W.2d at 43. 
We hold that the trial court did not abuse its discretion by admitting the Functional
Capacity Assessment and the June 24, 2002 report by Dr. Garner.
          Accordingly, Green’s first issue is overruled.
The Opinion of the Designated Doctor
          In his second issue, Green contends that the trial court


 erred by failing to grant
presumptive weight to the opinion of the “designated doctor.” Specifically, Green
contends that the opinion of Dr. Page, the doctor designated by TWCC to render an
independent evaluation of Green’s medical status, that maximum medical
improvement was not attained until June 2, 2003,


 should have been granted more
weight than the opinion of Dr. Xeller, that Green could return to work on October 3,
2002. Green contends that, by concluding that Green’s period of disability ended on
October 3, 2002, the trial court gave more weight to Dr. Xeller’s report.
          Pursuant to the Labor Code, a claimant’s entitlement to temporary income
benefits is dependent upon a finding that the claimant (1) is disabled and (2) has not
reached maximum medical improvement. Tex. Lab. Code Ann. §§ 408.101, 408.102. 
Hence, Green was not entitled to temporary income benefits unless he was deemed
as both disabled and having not reached his maximum medical improvement. 
Because Green was deemed no longer “disabled” as of October 3, 2002, he was not
entitled to benefits, without regard to whether he had reached his maximum medical
improvement after that date. As FBISD contends, Green’s date of maximum medical
improvement is not at issue in this appeal. At issue is the period of disability. 
          Again, a “disability” is the inability because of a compensable injury to obtain
and retain employment at wages equivalent to the preinjury wage. See Tex. Lab.
Code Ann. § 401.011(16). With regard to Green’s status as a “disabled” person, Dr.
Page concluded in her February 10, 2002 report, she did “not see any reason for Mr.
Green to be off work. He passed a [functional capacity exam] on 09-10-2002 that
showed he was clearly able to work at his usual job. Appropriate time off or
treatment is all that was needed.” Hence, the substance of the evidence on which
Green relies does not support his contention; rather, it supports the trial court’s
conclusion that Green was not entitled to benefits after October 3, 2002. See Tex.
Lab. Code Ann. §§ 408.101, 408.102.
          Accordingly, Green’s second issue is overruled.
After-acquired Evidence
          In his third issue, Green contends that “the trial court


 erred in excluding and/or
failing to consider evidence of the date of maximum medical improvement.” Green
contends that Dr. Page’s report from his June 2, 2003 visit, in which Dr. Page certifies
his date of maximum medical improvement, should not have been excluded by the
TWCC appellate panel. We concluded above that Green’s date of maximum medical
improvement is not at issue in this appeal. 
          Accordingly, Green’s third issue is overruled.
 
Factual SufficiencyIn his fourth issue, Green contends that the trial court erred by concluding that
Green’s temporary income benefits period concluded October 3, 2002. We construe
Green’s contention to be a challenge to the factual sufficiency of the evidence to
support the trial court’s conclusion. 
A.      Standard of Review
          When a party challenges the factual sufficiency of an adverse finding on an
issue on which he has the burden of proof, he must demonstrate on appeal that the
adverse finding is against the great weight and preponderance of the evidence. Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). As the reviewing court, we
may not act as factfinder and may not pass judgment on the credibility of witnesses
or substitute our judgment for that of the trier of fact. Golden Eagle Archery, Inc. v.
Jackson, 116 S.W.3d 757, 761 (Tex. 2003). We consider and weigh all of the
evidence and set aside the verdict only if the evidence is so weak or if the finding is
so against the great weight and preponderance of the evidence that it is clearly wrong
and unjust. Francis, 46 S.W.3d at 242.
B.      Analysis
          Here, Green contends that he “was entitled to additional (weeks of)
compensation.”
          Once again, a claimant’s entitlement to temporary income benefits is dependent
upon a finding that the claimant (1) is disabled and (2) has not reached maximum
medical improvement. Tex. Lab. Code Ann. §§ 408.101, 408.102.
          It is undisputed that Green suffered a compensable injury on August 16, 2002. 
The record shows that, on October 3, 2002, Dr. Xeller examined Green, conducted
a capacity evaluation, and concluded that Green had only residual tightness in his
lower back and that he was able to perform the duties of a school teacher as required
in Green’s job description, which is contained in the record. Green received workers’
compensation benefits “from the week after his injury until October 3, 2002.”
          In addition, the record shows that Dr. Page concluded in her February 10, 2002
report, she did “not see any reason for Mr. Green to be off work. He passed a
[functional capacity exam] on 09-10-2002 that showed he was clearly able to work
at his usual job. Appropriate time off or treatment is all that was needed.”
          Green presented evidence that Dr. Garner and Dr. Mohamed also recommended
further rehabilitative treatment. Green’s evidence that he was disabled, or unable to
return to work, after October 3, 2002 because of the August 16, 2002 injury was his
testimony that he was unable to teach because of his pain medications. The trial court
was the sole judge of the weight of the evidence and the credibility of witnesses. See
Jackson, 116 S.W.3d at 761. 
          Green’s entitlement to temporary income benefits is dependent upon a finding
that he was both disabled and had not reached maximum medical improvement. See
Tex. Lab. Code Ann. §§ 408.101, 408.102. The evidence supports the trial court’s
conclusion that Green was not entitled to benefits because he failed to show that his
period of disability extended beyond October 3, 2002. Hence, even if Green showed
that he had not achieved maximum medical improvement until after October 3, 2002,
he is not entitled to benefits because the evidence shows that he was not disabled
beyond October 3, 2002.
          We cannot conclude that the evidence is so weak or the finding is so against
the great weight and preponderance of the evidence that it is clearly wrong and
unjust. Francis, 46 S.W.3d at 242. We hold that the evidence is factually sufficient.
          Accordingly, we overrule Green’s fourth issue.
Conclusion
We affirm the judgment of the trial court.
 
 
Laura Carter Higley
Justice
 
Panel consists of Justices Taft, Hanks, and Higley.