**THE SUBSEQUENT INJURY FUND, STATE OF TEXAS, Appellant,**

v.

**SERVICE LLOYDS INSURANCE COMPANY and Darrell Tompkins, Appellees.**

No. 01–96–00431–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 22, 1998.

Harry Deckard, Joseph A. Pitner, Austin, for Appellant.

Dean G. Pappas, Evelyn T. Ailts, Houston, for Appellees.

Before SCHNEIDER, C.J., and HEDGES and O'CONNOR, JJ.

### OPINION ON SECOND MOTION FOR REHEARING

HEDGES, Justice.

We grant the second motion for rehearing of the Subsequent Injury Fund, grant appellant's motion to correct the opinion, withdraw our opinions dated April 24, 1997 and August 29, 1997, and substitute the following opinion in its place.

Appellant, the Subsequent Injury Fund (SIF), appeals a summary judgment rendered in favor of appellee, Service Lloyds Insurance Company (Lloyds), dismissing its equitable bill of review because the legal remedy of writ of error was available. SIF contends that a writ of error was not available as a means to attack the judgment, leaving a bill of review as its only option. We reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.

## COMPENSATION SCHEME

The SIF is a statutorily created fund[1] designed to compensate workers for income benefits not required to be paid by an insurance carrier.[2] In 1993, the legislature amended the Texas Workers' Compensation Act to provide that an insurance carrier could be reimbursed by the SIF for any benefit overpayments it made. TEX. LAB. CODE ANN. § 410.205(c) (Vernon 1996).[3] The SIF is funded by death benefits paid into it by insurance carriers when a compensable death occurs and there is no legal beneficiary. TEX. LAB.CODE ANN. § 403.007(a) (Vernon 1996).

The legislature has established a four-tier system for disposition of claims by the Texas Workers' Compensation Commission (TWCC) under the Texas Workers' Compensation Act. See TEX. LAB.CODE ANN. §§ 410.021–410.308 (Vernon 1996). Each step is a prerequisite to the succeeding one. See TEX. LAB.CODE ANN. § 410.024, 410.169, 410.205 (Vernon 1996). The process begins with an informal resolution of claims through a non-adversarial "benefit review conference" conducted by a "benefit review officer." TEX. LAB.CODE ANN. §§ 410.021–.034 (Vernon 1996). The benefit review officer has the

authority to order or decline to order benefits. TEX. LAB.CODE ANN. §§ 410.032 (Vernon 1996). If the officer orders payments of benefits, an insurance carrier must begin making payments at that time. TEX. LAB. CODE ANN. § 410.032 (Vernon 1996). From the benefit review conference, the parties may proceed, by agreement, to arbitration from the benefit review conference. TEX. LAB.CODE ANN. § 410.104 (Vernon 1996). If there is no agreement to arbitrate, a party may seek relief at a contested case hearing. TEX. LAB.CODE ANN. §§ 410.151–410.169 (Vernon 1996). At the third tier of the disposition process, a party may seek review by an administrative appeals panel. TEX. LAB.CODE ANN. §§ 410.201–410.208 (Vernon 1996). Finally, an aggrieved party may seek judicial review of the appeals panel decision. TEX. LAB.CODE ANN. §§ 410.251–410.308 (Vernon 1996). If a court of last resort reverses or modifies an appeals panel award, then the insurance carrier may seek reimbursement from the SIF. TEX. LAB.CODE ANN. § 410.205(c) (Vernon 1996).

## FACTS

In this case, Darrell Tompkins[4] sought and was awarded workers' compensation benefits by the TWCC. Lloyds, who was obligated to pay the benefits as the insurance carrier for Tompkins's employer, paid the benefits and appealed the TWCC's award to the district court (trial court). On October 3, 1994, the trial court rendered judgment for Lloyds after Tompkins did not answer Lloyds' discovery requests. In the judgment, the trial court ordered SIF to reimburse Lloyds any benefits that it had paid pursuant to the TWCC's decision. On January 26, 1995, Lloyds applied for reimbursement from the SIF and presented the trial

---

1. TEX. LAB.CODE ANN. § 403.006 (Vernon 1996).

2. If a subsequent compensable injury, with the effects of a previous injury, results in a condition for which the injured employee is entitled to lifetime income benefits, the insurance carrier is liable for the payment of benefits for the subsequent injury only to the extent that the subsequent injury would have entitled the employee to benefits had the previous injury not existed. TEX. LAB.CODE ANN. § 408.162(a) (Vernon 1996). The

subsequent injury fund shall compensate the employee for the remainder of the lifetime income benefits to which the employee is entitled. TEX. LAB.CODE ANN. § 408.162(b) (Vernon 1996).

3. Act of May 22, 1993, 73rd Leg., R.S., ch. 269, § 1, 1993 Tex. Gen. Laws 987, 1209.

4. Although included as an appellee on appeal, Tompkins has not filed a brief.

court's judgment to the TWCC.[5] On March 14, 1995, SIF filed a bill of review assailing the trial court's judgment in the underlying workers' compensation case. Lloyds filed a motion for summary judgment seeking to dismiss the bill of review as an improper remedy. The trial court agreed, reasoning that because SIF learned of the judgment against it within six months of the judgment, it could have brought a writ of error proceeding.

## PROPER REMEDY

In its sole point of error, SIF contends that the trial court erred in granting summary judgment for Lloyds on the basis that SIF should have attacked the judgment by writ of error instead of by bill of review. SIF contends that it could not have brought a writ of error complaining about defective service because it was not a party to the underlying suit. Therefore, SIF concludes, its only option in attacking the trial court's judgment ordering reimbursement was by bill of review.

### Standard of Review

■ Summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). In reviewing the summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Wornick Co. v. Casas*, 856 S.W.2d 732, 733 (Tex.1993). In reviewing the granting of a motion for summary judgment, this Court will take all evidence favorable to the nonmovant as true. *Thompson v. Vinson & Elkins*, 859 S.W.2d 617, 619 (Tex.App.—Houston [1st Dist.] 1993, writ denied). A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). When the trial court's order explicitly states the ground relied on for the summary judgment ruling,

the summary judgment can be affirmed only if the theory relied on by the trial court is meritorious; otherwise, the case must be remanded. *State Farm Fire & Casualty Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993). The issues to be reviewed by an appellate court must have been actually presented to and considered by the trial court. *Id.*

## Analysis

■ To set aside a final judgment, a bill of review petitioner must plead and prove (1) a meritorious defense to the cause of action; (2) that it was prevented from making by the fraud, accident, or wrongful act of its opponent; (3) unmixed with any fault or negligence of its own. *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 408 (Tex. 1987); *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950); *Hill v. Steinberger*, 827 S.W.2d 58, 61 (Tex.App.—Houston [1st Dist.] 1992, no writ). The petitioner must also show that it has exercised due diligence to avail itself of all adequate legal remedies against a former judgment and that at the time it files the bill of review, there remains no adequate legal remedy. *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989); *Hill*, 827 S.W.2d at 61.

In its motion for summary judgment, Lloyds attacked the third bill of review requirement. It asserted that even though SIF was aware of Tompkins's suit at its inception and knew about the final judgment as early as January 26, 1995 (approximately three and a half months after the judgment), it did not pursue a writ of error before filing an equitable bill of review. Lloyds contended that writ of error was an available remedy that SIF was required to pursue in attacking the judgment on the basis of defective or lack of service. Therefore, Lloyds asserted that SIF's own negligence in not pursuing a writ of error barred SIF's entitlement to equitable relief. We must decide, therefore, whether SIF had an adequate remedy by way of writ of error.

---

5. The insurance carrier must present a copy of the judgment of the court of last resort. 28 TAC § 116(b)(3)(B) (1992).

A writ of error may be brought (1) within six months from the signing of the judgment; (2) by a party to the lawsuit; (3) who did not participate in the trial on the merits; and (4) where there is error apparent on the face of the record. *Withem v. Underwood,* 922 S.W.2d 956, 957 (Tex.1996); *Stubbs v. Stubbs,* 685 S.W.2d 643, 644 (Tex. 1985); *Hesser v. Hesser,* 842 S.W.2d 759, 765 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Appeal by writ of error is usually available only to parties of record. *Gunn v. Cavanaugh,* 391 S.W.2d 723, 724 (Tex.1965); *Mercure Co. v. Rowland,* 715 S.W.2d 677, 680 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). As an exception to this general rule, it is available (1) to a party whose privity of estate, title, or interest appears from the record of the cause in the court below or (2) to a person who is a party under the doctrine of virtual representation. *Gunn,* 391 S.W.2d at 725; *California & Hawaiian Sugar Co. v. Bunge Corp.,* 593 S.W.2d 739, 740 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

Privity is generally defined as a mutual or successive relationship to the same rights in property. *Amstadt v. United States Brass Corp.,* 919 S.W.2d 644, 653 (Tex. 1996); *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361, 363 (Tex.1971); *Kirby Lumber Corp. v. Southern Lumber Co.,* 145 Tex. 151, 196 S.W.2d 387, 388 (1946). All persons are privy to a judgment whose succession to the rights of property therein adjudicated are derived through or under one or the other of the parties to the action and which accrued after the commencement of the action. *Amstadt,* 919 S.W.2d at 653; *Benson,* 468 S.W.2d at 363; *Kirby Lumber Corp.,* 196 S.W.2d at 388. A privy is one so connected in law with a party to the judgment as to have such an identity of interests that the party to the judgment represented the same legal right. *Benson,* 468 S.W.2d at 363; *Finger v. Southern Refrig. Servs. Inc.,* 881 S.W.2d 890, 895 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *see Amstadt,* 919 S.W.2d at 653. This definition includes (1) those who control an action although not a party to it; (2) those whose interests are represented by a party to the action; and (3) successors in interest. *Amstadt,* 919 S.W.2d

at 653; *Benson,* 468 S.W.2d at 363. The test in determining whether a person is covered by the doctrine of virtual representation is whether that person is bound by the judgment of the trial court by virtue of the fact that he or she was "represented" by a party to the original suit. *Bunge Corp.,* 593 S.W.2d at 740.

In this case, SIF was not a party of record in the workers' compensation suit between Lloyds and Tompkins, and was not in privity with either Lloyds or Tompkins. SIF has no mutual or successive relationship with either party to the same rights in property, does not derive any rights to property from either party, has no identity of interests with either party, and was not "represented" by either party in the workers' compensation suit. The only connection that SIF had with the workers' compensation suit was that the judgment ordered SIF to reimburse Lloyds. The nexus is clearly inadequate to make SIF a party under any applicable theory. "Party" status cannot be created at entry of judgment where none existed before by the mere inclusion of a person or entity in a judgment. Appeal by writ of error, therefore, was not available to SIF.

Lloyds relies on *Jernigan v. Jernigan,* 677 S.W.2d 137, 140 (Tex.App.—Dallas 1984, no writ), in contending that being named in a judgment makes one a party in a lawsuit. In *Jernigan,* the court allowed beneficiaries of a trust to attack a judgment against the trustee. *Jernigan,* 677 S.W.2d at 140. It reasoned that they were clearly bound by the judgment in that the judgment deprived them of part of their interest in the trust fund even though they were not named in the judgment. *Id.* In *Jernigan,* the trustee clearly had a relationship with the beneficiaries because of his statutorily created powers. In this case, there was no such relationship that would bind SIF to the judgment. Simply put, SIF had no interest in the underlying lawsuit.

Lloyds also relies on numerous cases holding that a party must avail itself of all legal remedies even if it was never served with process in the underlying suit. *See Winrock Houston Assoc. v. Bergstrom,* 879 S.W.2d

144, 149 (Tex.App.—Houston [14th Dist.] 1994, no writ); *Hesser*, 842 S.W.2d at 765; *Axelrod R & D, Inc. v. Ivy*, 839 S.W.2d 126, 128 (Tex.App.—Austin 1992, writ denied). We agree that a party must avail itself of all legal remedies before pursuing a bill of review. SIF had no legal remedies available to it, however.

**Remedies**

▮ For the first time on rehearing, Lloyds contended that because we determined that SIF was not a party to the underlying suit, SIF has no standing to bring a bill of review. We disagree. SIF's bill of review is a collateral attack on the judgment in favor of Service Lloyds. "A collateral attack on a judgment is an attempt to avoid its binding effect in a proceeding not instituted for such purpose...." *Akers v. Simpson*, 445 S.W.2d 957, 959 (Tex.1969). This remedy is available only to set aside a void judgment. *Glunz v. Hernandez*, 908 S.W.2d 253, 255 (Tex.App.—San Antonio 1995, writ denied). A judgment is void only in the following circumstances: (1) lack of jurisdiction over a party or property; (2) lack of jurisdiction over the subject matter; (3) lack of jurisdiction to enter a particular judgment; or (4) lack of jurisdiction to act as a court. *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987). The requirement of a bill of review need not be met when a party collaterally attacks a void judgment. *Texas Dep't of Transportation v. T. Brown Constructors, Inc.*, 947 S.W.2d 655, 659 (Tex.App.—Austin 1997, n.w.h.); *see Sibert v. Devlin*, 508 S.W.2d 658, 662 (Tex.Civ. App.—Texarkana 1974, no writ); *Outlaw v. Noland*, 506 S.W.2d 734, 735 (Tex.Civ.App.— Houston [1st Dist.] 1974, writ ref'd n.r.e.).

Appellant has established that the underlying judgment is void and unenforceable against SIF because it was never made a party to the underlying suit. SIF is entitled to prosecute this bill of review action to declare the judgment void and unenforceable.

We reverse the judgment of the trial court and remand this cause to the trial court with instructions to return the parties to the position they were in before the motion for summary judgment was filed and proceed with SIF's bill of review.