Opinion issued January 14, 2010

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00178-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DONNA ADAMS, Appellant

 

V.

 

LIBERTY MUTUAL INSURANCE COMPANY, Appellee

 

 



On Appeal from the 239th District Court

Brazoria County, Texas

Trial Court Cause No. 25628

 

 



MEMORANDUM OPINION

In this worker’s compensation
judicial review proceeding, appellant, Donna Adams, appeals a judgment in favor
of appellee, Liberty Mutual Insurance Company. 
Adams contends that the trial court (1) lacked jurisdiction to set aside
the CCH (Contested Case Hearing) Decision and Order for the Second Claim,
numbered HE-X2153405-01-CC-HD48 (second claim), (2) lacked jurisdiction to set
aside the Appeals Panel Decision for the First Claim, numbered HE-00071055-02-CC-HD48
(first claim), and (3) erred by not submitting the question of period of
disability to the jury.  In addition,
both Adams and Liberty request a remand for a hearing on attorney’s fees.  We vacate
the judgment of the trial court with respect to the second claim, affirm with
respect to the first claim, and remand this cause to the trial court to approve
reasonable and necessary attorney’s fees for Liberty.

Background

Adams worked for IBM installing point-of-sale
computer systems.  In this type of work,
the employee is subject to whatever environment is found in the customer
location.  On March 29, 2000, Adams
installed computer systems at a 24-Hour Fitness location that was under
construction.  The construction
activities created fumes and dust, which caused Adams to suffer a severe asthma
attack.  Adams filed the first claim for
this injury.  Liberty accepted the claim and
paid benefits for Adams’s disability from March 30, 2000 through April 25, 2000.
 Adams returned to work on April 26,
2000. 

On August 17, 2000, Adams worked for
several hours in a closed bank building without air conditioning or
ventilation.  The outside air temperature
reached 100 degrees that day.  The work
environment, along with several other factors, triggered an acute asthma attack
that nearly caused Adams’ death.  Adams
recovered, but was not able to return to work at IBM.  She worked at another, lower-paying
job for several months, but could not continue because of her condition.  She filed the second worker’s compensation claim
for the August 17 injury.

Both claims were mediated at a
Benefit Review Conference on May 17, 2001, but the parties were unable to reach
an agreement.  On April 24, 2003, a CCH was
held on both claims.  With regard to the
first claim, the CCH decided the following issues:

1.                
Did Adams’ March
29, 2000 injury extend to include chronic obstructive pulmonary disease and
chronic asthma, as well as mental trauma?

 

2.                
Did Adams’
sustain disability as a result of the compensable injury, and if so, for what
period?

 

With
regard to the second claim, the CCH decided the following issues:

 

1.                
Did Adams sustain
a compensable injury to her lungs on August 17, 2000?

 

2.                
Did Adams sustain
disability as a result of an August 17, 2000 injury, and if so, for what
period?

 

 

3.                
Is Liberty
relieved of liability due to Adams’ failure to timely report her injury within
30 days?

 

The CCH officer held in the first claim
that Adams had a compensable disability as a result of the March 29 injury,
extending only to chronic asthma, from March 30, 2000 to April 25, 2000, and
again from August 19, 2000 through April 24, 2003.  In the second claim, the CCH officer held that,
although she timely reported the August 17, 2000 injury, Adams did not sustain
a compensable injury on August 17.  

Liberty filed a request for a Texas
Worker’s Compensation Commission (TWCC) Appeals Panel review of the CCH
decision pertaining to the first claim.  Liberty
sought to overturn the CCH holding that the March 29 injury resulted in a
disability to Adams from August 19, 2000 through April 24, 2003.  The Appeals Panel did not issue a written
opinion in response to the request.  Thus,
the CCH decision on the first claim became the decision of the Appeals Panel.  Liberty filed a petition in district court for
judicial review of that decision on August 21, 2003. 

Neither Liberty nor Adams sought administrative
review of the CCH decision on the second claim.  The CCH decision thus became the final
decision on that claim.  See Tex.
Lab. Code Ann. § 410.169 (Vernon 2006).  

At trial, the jury found that the
March 29, 2000 compensable injury did not cause Adams to have a disability from
August 19, 2000 to April 24, 2003.  The
trial court signed a final judgment in accordance with the verdict on December
9, 2008 and ordered that the TWCC Appeals Panel decisions on both the first
claim and the second claim be reversed and held for naught.  Adams appeals from this decision.

Discussion

Jurisdiction over second claim

Adams first contends that the trial court lacked jurisdiction to set aside the
CCH decision on the second claim because neither party requested review by the
appeals panel or brought suit for judicial review of that decision.

A court must have subject matter jurisdiction
to decide a case.  Tex. Ass’n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 443 (Tex.
1993).  The Texas Constitution and
legislative enactments confer subject matter jurisdiction, combined with the existence
of the facts necessary for a court to exercise jurisdiction.  Lee v.
El Paso County, 965 S.W.2d 668, 671 (Tex. App.—El Paso 1998, pet.
denied).  The determination as to whether
jurisdiction exists is a question of law that we review de novo.  Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).  We presume that a trial court has
jurisdiction unless the absence of jurisdiction affirmatively appears on the
face of the petition.  French v. Moore, 169 S.W.3d 1, 6–7 (Tex.
App.—Houston [1 Dist.] 2004, no pet.).

The Texas Workers’
Compensation Act provides a four-tier system for the disposition of claims.  Subsequent Injury Fund v. Serv. Lloyds Ins.
Co., 961 S.W.2d 673, 675 (Tex. App.—Houston [1st Dist.] 1998,
pet. denied); see generally Tex. Lab. Code Ann. §§ 410.002–410.308 (Vernon 2006
& Supp. 2009).  The first tier is a benefit
review conference conducted by a benefit review officer.  Subsequent Injury Fund, 961 S.W.2d at 675.  From the benefit review conference, the
parties may proceed, by agreement, to arbitration.  Id.  If the parties do not
agree to arbitrate, the aggrieved party may seek relief at a contested case
hearing.  Id.  The hearing officer’s
decision is final in the absence of an appeal. 
Tex. Lab. Code Ann. § 410.169.
 At the third tier, a party may seek
review by an administrative appeals panel. Subsequent Injury Fund, 961 S.W.2d at 675.  For the fourth tier, a
party aggrieved by a final decision of the appeals panel has the right to seek
judicial review of the appeals panel decision. Tex. Lab. Code Ann. § 410.251 (Vernon 2006); Cont’l Cas. Ins. Co. v. Functional
Restoration Assocs., 19 S.W.3d 393, 398 (Tex. 2000); see also In re Tex. Workers’ Comp. Ins. Fund, 995 S.W.2d 335, 336–37 (Tex. App.—Houston [1st Dist] 1999,
no pet.) (citing Subsequent Injury Fund,
961 S.W.2d at 675).

A trial court lacks subject-matter
jurisdiction to review a worker’s compensation claim decision until all three administrative tiers have been exhausted.  In re
Tyler Asphalt & Gravel Co., 107 S.W.3d 832, 838 (Tex. App.—Houston
[14th Dist.] 2003, no pet.).  Trials are available
only on the issues decided by the appeals panel for which judicial review is
sought.  Tex. Lab. Code Ann. § 410.302(b) (Vernon 2006); Alexander v. Lockheed Martin Corp., 188
S.W.3d 348, 353 (Tex.
App.—Fort Worth 2006, pet. denied).  A
party waives judicial review of any issue not raised before the TWCC appeals
panel and identified in a timely request for judicial review. Green v. Fort Bend Indep. Sch. Dist.,
No. 01-06-01157-CV, 2007 WL 4465358, at *3 (Tex. App—Houston [1st Dist.] Dec.
20, 2007, pet. denied) (mem. op.). 

Here, the CCH decided and issued
orders on both of Adams’ claims.  The
appeals panel, however, was asked to review only the first claim.  Absent a timely appeal of the CCH decision on the
second claim, that decision and order became final.  See Tex. Lab. Code Ann. § 410.169.  Because
neither party exhausted administrative remedies on the second claim, the trial
court lacked jurisdiction to set aside that CCH order, which the CCH decided in
Liberty Mutual’s favor.  See id. § 410.251.  We therefore vacate the portion of the trial
court’s judgment addressing that claim.

Jurisdiction over First Claim

Adams next contends that the trial
court lacked jurisdiction to set aside the appeals panel decision on the first
claim because (1) Liberty sought judicial review of issues that the appeals
panel did not decide in that claim and (2) Liberty’s pleading did not challenge
all of the appeals panel’s findings in that claim. 

Judicial review is limited to issues
decided by the appeals panel and on which judicial review is sought.  Tex.
Lab. Code Ann. § 410.302(b).  Adams contends that Liberty failed to seek
review of either of the two issues decided by the CCH officer on the first claim,
namely:

1.                
Did the
claimant’s inhalation injury of March 29, 2000 extend to include chronic
obstructive pulmonary disease and chronic asthma, as well as mental trauma?
[and]

2.                
Did the claimant
sustain disability as a result of the compensable injury, and if so, for what
period?

In its petition for judicial review,
Liberty specifically stated that it was seeking review of TWCC’s final decision
on the first claim, identified the claim number, and affirmatively alleged that
Adams did not sustain disability from the March 29, 2000 injury from August 19,
2000 through April 24, 2003.  According
to Adams, Liberty’s allegation does not challenge the issue of whether she
sustained a compensable disability and if so, the period of disability, and therefore,
does not address an issue decided by the appeals panel and subject to judicial
review.  We disagree.  Although Liberty’s allegation does not adopt
the language used in the CCH decision, it is fairly read to encompass the
period-of-disability issue.  Liberty also
attached the appeals panel decision and CCH decision and order to its petition,
thereby showing that the pleading meant to refer to the specific administrative
rulings.  Courts do not deem pleadings defective because of the lack of any allegation when the
missing language is supplied by attached exhibits.  Houston
Cmty. Coll. Sys. v. Schneider, 67 S.W.3d 241, 243 (Tex.
App.—Houston
[1st Dist.] 2000, pet. denied) (holding that petition and exhibits construed
together made appealed issue clear).  Accordingly,
we conclude that Liberty adequately pleaded the issue decided in the first
claim.

          Adams also contends that Liberty was required to appeal not
only the issues, but the findings, of the CCH decision.  Adams claims that since Liberty did not appeal
the finding of a period of a disability from March 30, 2000 through April 25,
2000, then Liberty is precluded from asserting any pleading that there was no
period of disability.  However, Liberty
is not contesting the period of disability from March 30, 2000 through April
25, 2000; it only contests the separate finding of a disability from August 19,
2000 through April 24, 2003.  

          The Texas Labor Code only requires that a request for
review of the appeals panel clearly and concisely rebut or support the decision
of the hearing officer on each issue
on which review is sought.  Tex. Lab.
Code Ann. § 410.202(c)
(Vernon 2006).  In the last stage of the
process for the disposition of worker’s compensation claims, judicial review is
limited to issues decided by the
appeals panel which are specifically pleaded by the aggrieved party.  Id. §
410.302(b).

The Texas Labor Code does not contain
any requirement that an aggrieved party explicitly challenge administrative findings
as a prerequisite to judicial review, nor does it require the party to take an
all-or-nothing approach in seeking judicial review of the issues addressed in
an administrative ruling.  Because
Liberty adequately pleaded its challenge to the decision and order on first
claim, the trial court properly exercised jurisdiction over it.

Error in Jury Charge 

In her third issue, Adams claims that
the trial court erred in failing to submit the period-of-disability issue to
the jury.  The charge asked the jury:

Did Donna Adams have disability from August 19, 2000
to April 24, 2003 as a result of a March 29, 2000 compensable injury?

 

Contrary to Adams’ interpretation,
this question asks the jury about whether she had disability during a specific
time period.  

To the extent Adams
contends that the trial court should have submitted an additional issue, this
complaint is not preserved.  The appellate
record does not include the court reporter’s record.  In the absence of a reporter’s record, an
appellate court presumes that the record supports the trial court’s judgment. See Simon v. York Crane & Rigging Co.,
739 S.W.2d 793, 795 (Tex. 1987) (holding that absent record, reviewing court
must presume that evidence before trial court was adequate to support
decision); Bio Landscape &
Maintenance, Inc. v. Morse, No. 01-07-00410-CV, 2008 WL 4890121, at *2
(Tex. App.—Houston
[1st Dist.] Nov. 13, 2008, no pet.) (mem. op.) (holding that because appellant
failed to request partial reporter’s record, omitted portions of record are
presumed to support trial court’s judgment); Elec. Bankcard Sys., Inc. v. Retriever Indus., Inc., No.
14-04-00452 CV, 2005 WL 3435294, at *2 (Tex. App.—Houston [14th Dist.] Dec. 15, 2005, no pet.)
(mem. op.) (holding that without reporter’s record, appellant waived its
complaint regarding jury charge).  By not
bringing up the court reporter’s record, Adams did not produce a sufficient
record for the Court to review a complaint that the trial court refused to
submit a proper jury question and thus waived her complaint that the trial
court erred in its charge.  See Tex.
R. App. P. 33.1.




 

Remand for Attorney’s Fees

Both parties request a remand for a
hearing on attorney’s fees. The prevailing party is entitled to attorney’s fees
if it prevails on an issue on which an insurance carrier has sought judicial review.
Tex. Lab. Code Ann. § 408.221(c).
 Because Liberty prevailed on the issue under
judicial review, Liberty is entitled to a remand for approval of reasonable and
necessary attorney’s fees related to the first claim.  See id.
§ 408.222 (Vernon 2006). 

Conclusion

We hold
that the trial court had no jurisdiction over Adams’ second claim.  We further hold that the trial court had
jurisdiction to review the administrative ruling in the first claim, and that,
as the prevailing party, Liberty is entitled to reasonable and necessary
attorney’s fees.  We therefore vacate the
portion of the judgment addressing the second claim, affirm the portion of the
judgment addressing the first claim, and remand the cause for approval and
entry of an attorney’s fee award for Liberty. 


 

 

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Massengale.