HOUSTON COMMUNITY COLLEGE SYSTEM and The Texas Association of School Boards,[1] Appellants,

v.

Ann SCHNEIDER, Appellee.

No. 01–99–00094–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 2, 2000.

Publication Ordered March 31, 2000.

---

**1.** Although both entities filed a joint notice of appeal, the Court notes the Texas Association of School Boards is not named in the jury charge or in the appealed-from judgment, and the record does not contain a document explaining its disposition. Additionally, their joint brief does not raise any point of error that specifically affects the rights of the Texas Association of School Boards. Accordingly, we dismiss the appeal as to the Texas Association of School Boards.

Evelyn Ailts Derrington, Phillips & Akers, P.C., Houston, for appellants.

Joe A. Izen, Jr., Bellaire, for appellee.

## OPINION

MIRABAL, Justice.

Houston Community College System (HCCS), a self-insured governmental entity, appeals a judgment against it on a jury verdict awarding workers' compensation benefits to Ann Schneider. We affirm.

Schneider worked as a sign language interpreter for deaf students at HCCS. It is undisputed that Schneider sustained a work-related repetitive trauma injury to her wrists due to her work as a signer. However, the extent and the permanency of the injury are disputed.

Schneider filed a workers' compensation claim, a portion of which HCCS contested. The Contested Case Hearing Officer found that Schneider had a zero percent impair-

ment rating. After exhausting her administrative remedies through the appeals process with the Texas Workers' Compensation Commission, Schneider filed this lawsuit. *See generally* TEX.LAB.CODE ANN. §§ 410.021–410.308 (Vernon 1996);[2] *Subsequent Injury Fund v. Service Lloyds Ins. Co.*, 961 S.W.2d 673 (Tex.App.—Houston [1st Dist.] 1998, pet. denied) (providing an overview of the administrative process for workers' compensation appeals). After proceeding to trial, the jury found in favor of Schneider by determining that she had sustained a thirty percent impairment rating. *See Texas Workers' Comp. Com'n v. Garcia*, 893 S.W.2d 504, 513–514 (Tex. 1995) (providing an overview of the judicial review process).

In three issues, HCCS complains that Schneider did not comply with the following italicized portion of the Texas Workers' Compensation Act (the Act), which requires pleading specificity:

> A trial under this subchapter is limited to issues decided by the commission appeals panel and on which judicial review is sought. *The pleadings must specifically set forth the determination of the appeals panel by which the party is aggrieved.*

TEX.LAB.CODE ANN. § 410.302 (Vernon 1996) (emphasis added).

In her petition, rather than specifically stating she was aggrieved by the portion of the appeals panel opinion that assessed a zero percent impairment rating, Schneider alleged as follows:

> This is a suit to set aside the final decision and award of the Texas Workman's [sic] Compensation Commission entered on the 24th day of July, 1996.... Copies of the decisions of the

---

**2.** Various sections of the Act were amended effective September 1, 1999. *See generally* TEX.LAB.CODE ANN. §§ 408.081–408.162 (Ver-

non Supp.2000). However, the amendments are not relevant to this appeal.

Appeals Panel of the Texas Worker's [sic] Compensation Commission, and the Texas Worker's [sic] Compensation Commission are attached as Exhibits "A" and Exhibit "B" for jurisdictional purposes only. This suit is brought to recover compensation for permanent disability and, also, to recover additional compensation for temporary disability, medical bills, out-of-pocket expenses, pain and suffering, disfigurement, loss of future income, and future medical not covered under the Workman's [sic] Compensation Law of the State of Texas.

The attached appeals panel decision specifically states: "The only issue advanced for review is the IR [impairment rating]."

 HCCS, relying on *Texas Catastrophe Property Insurance Ass'n v. Council of Co–Owners of Saida II Towers Condominium Ass'n,* 706 S.W.2d 644, 645–46 (Tex.1986), first argues that the lack of specificity in Schneider's petition is fatally defective because the specificity requirement in the Act is mandatory, and it must be fully complied with before a court is vested with jurisdiction over the dispute. However, the Texas Supreme Court recently abrogated this holding of *Saida* and held that a plaintiff's failure to establish a statutory prerequisite is not "jurisdictional." *Dubai Petroleum Co. v. Kazi,* 43 Tex. Sup.Ct.J. 412, 414–15, 12 S.W.3d 71, 75–76 (2000); *see also Albertson's, Inc. v. Sinclair,* 984 S.W.2d 958, 961 (Tex.1999) (liberal construction we must give workers' compensation law precludes construing a mandatory statutory provision as "jurisdictional").

 Next, HCCS asserts that, even if we conclude the trial court had subject matter jurisdiction, the judgment cannot

stand because Schneider failed to follow the mandatory specificity provision of the statute by not stating within the body of her petition that she was complaining about the appeals panel's determination that she had a zero percent impairment rating. However, contrary to HCCS's position, a pleading shall not be deemed defective because of the lack of any allegation that can be supplied from attached exhibits. TEX.R.CIV.P. 59; *Stra, Inc. v. Seafirst Commercial Corp.,* 727 S.W.2d 591, 595 (Tex.App.—Houston [1st Dist.] 1987, no writ). Construing the petition and exhibits together, it is clear that "the determination of the appeals panel by which Schneider was aggrieved" was the determination she had a zero percent impairment rating. The petition meets the specificity requirement of section 410.302, and it supports the judgment.

We overrule the issues presented.

We affirm the trial court's judgment against Houston Community College System.[3]

---

**3.** As stated at the beginning of this opinion, we dismiss the appeal of the Texas Association of School Boards.