**Opinion issued April 9, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————————

**NO. 01-24-00383-CV**

———————————————

**ESDRAS NEHEMIAS PINEDA ORELLANA, Appellant**

**V.**

**NATIONAL SPECIALTY INSURANCE COMPANY, Appellee**

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-53125**

**MEMORANDUM OPINION**

Esdras Pineda was allegedly injured twice while at work, and he sought

worker's compensation benefits. National Specialty Insurance Company initially

paid for Pineda's medical treatment for one of the injuries, but it stopped paying

after several months, and it never made payments for the other injury. Dissatisfied with the results of the administrative dispute resolution process, Pineda filed suit. National Specialty filed a plea to the jurisdiction, arguing that Pineda's suit did not set out the administrative decisions that aggrieved him, nor did Pineda file suit "related to a specific administrative determination." The trial court granted the plea.

On appeal, Pineda argues that he exhausted his administrative remedies, he was aggrieved by the final administrative decisions, and he should be given an opportunity to amend his pleading to remedy the curable jurisdictional defects.

We reverse and remand.

### Background

Pineda owned ENPO Home Improvement, a construction and remodeling company that subscribed to worker's compensation insurance. On December 13, 2021, Pineda was allegedly carrying sheetrock backwards down a flight of stairs when he missed a step and fell, injuring his foot. After seeking medical care, he returned to work with restrictions. On December 22, 2021, his first day back at work, he was allegedly unloading boxes when he bent down and heard a "pop" in his lower back.

Pineda saw multiple doctors over the next several months, and doctors treated his injuries with a combination of over-the-counter pain medication, prescription medication, physical therapy, and an epidural steroid injection. Pineda's pain

persisted. An MRI scan of his lumbar spine showed "[e]arly degenerative disc disease" at the "L4-5 level with disc desiccation and minor annular bulging." Pineda filed worker's compensation claims for both the December 13 and the December 22 injury. National Specialty—ENPO's worker's compensation insurance carrier—paid benefits for the December 13 injury until July 2022, but it ceased paying benefits at that point and refused to pay any benefits for the December 22 injury.

The parties participated in the dispute resolution process mandated by the Texas Labor Code. An administrative law judge decided both claims adversely to Pineda in May 2023, and the Appeals Panel of the Division of Workers' Compensation allowed the administrative decisions to become final in July 2023.

Pineda, acting pro se, filed suit on August 15, 2023. Using a form entitled "Small Claims Petition," Pineda alleged the following under "Cause of Action":

> December 13, 2021 I fell down some stairs carrying [sheetrock] material and hurt my left leg and part of my lower back, then I returned to work December 22[, 20]21 with medical restrictions and hurt my lower back while carrying some boxes with a weight of approximately 20 pounds. [H]erniated disc from returning to work without being ready to return.

These are the only factual allegations in the petition. He alleged no facts relating to the administrative dispute process. On the same day he filed suit, he also filed over 200 pages of documents. These documents primarily consisted of medical records and examination findings, but he also included the two May 2023 decisions from an ALJ relating to his claims.

National Specialty filed a plea to the jurisdiction. It acknowledged that the parties had participated in the administrative dispute process, stating that an ALJ held contested case hearings concerning the two claims and issued decisions on both claims in May 2023, Pineda requested that the Appeals Panel review the decisions, and the Appeals Panel issued notices in July 2023 that it was allowing the ALJ's decisions to become final.

Nevertheless, it argued that Pineda's petition was vague and "failed to specifically set forth the determinations of the Appeals Panel by which he was aggrieved and seeking relief from." It also argued that Pineda "failed to file suit related to a specific administrative decision." It further argued that the Labor Code contains certain requirements for suits seeking judicial review of administrative decisions relating to worker's compensation claims, but Pineda failed to identify (1) a specific work-related injury date, (2) a specific Appeals Panel decision, (3) specific determinations made by the Appeals Panel, or even (4) "a general outline of the questions he wants this Court to address and a theory of recovery." National Specialty argued that these jurisdictional deficiencies justified dismissal of the suit. It attached evidence to its plea, including a May 4, 2023 determination by the ALJ concerning the December 13 injury; Pineda's request that the Appeals Panel review this decision; a July 19, 2023 notice from the Appeals Panel allowing the decision to become final; a May 5, 2023 determination by the ALJ concerning the December

4

injury; Pineda's request for review; a July 19, 2023 notice from the Appeals Panel allowing that decision to become final; and Pineda's petition.

In between the filing of the plea to the jurisdiction and the hearing on the plea, Pineda obtained counsel. Counsel filed an amended petition on Pineda's behalf on the day of the hearing. The amended petition

> AMENDS Plaintiff's pleadings to assert his claim under EQUITY, since the Court has equity jurisdiction. The denial of relief by the Defendant relates to the mischaracterization of TWO SEPARATE CLAIMS as only a single claim. Plaintiff will consider a refund of court costs as sufficient compensation in this matter.

> WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court consider his claim under the Court's EQUITY jurisdiction.

The amended petition did not address the jurisdictional deficiencies raised by National Specialty in its plea.

The trial court granted National Specialty's plea to the jurisdiction. This appeal followed.[1]

---

[1] The trial court granted the plea to the jurisdiction on April 16, 2024. Pineda's notice of appeal was due by May 16, 2024. *See* TEX. R. APP. P. 26.1 (providing that notice of appeal generally must be filed within 30 days after judgment is signed); *Brumfield v. Williamson*, 634 S.W.3d 170, 189 (Tex. App.—Houston [1st Dist.] 2021, pet. denied) ("Generally, if a party fails to timely file a notice of appeal, we have no jurisdiction to address the merits of the party's appeal."). Pineda, acting pro se, filed his notice of appeal on May 22, 2024. This was late, but within the 15-day window in which courts imply a motion for extension of time to file the notice of appeal if the appellant files the notice of appeal and reasonably explains the need for an extension. *See* TEX. R. APP. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). We sent a notice to Pineda informing him of the jurisdictional defect and ordering him to provide a reasonable explanation for the untimely filing of his notice of appeal. Pineda

**Plea to the Jurisdiction**

On appeal, Pineda argues that National Specialty's plea to the jurisdiction itself and the attached evidence demonstrated that Pineda satisfied the only two statutory jurisdictional requirements: that he had exhausted his administrative remedies and was aggrieved by a final decision of the Appeals Panel. Pineda argues that any jurisdictional defects in his petition are curable, and he requests that this Court remand the case to the trial court to allow him to amend his petition.

## A.      Standard of Review

A plea to the jurisdiction challenges subject-matter jurisdiction, or a court's power to decide a case. *Herrera v. Mata*, 702 S.W.3d 538, 541 (Tex. 2024) (per curiam); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000). Subject-matter jurisdiction is never presumed and cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993).

---

responded and explained that his trial counsel did not represent him following the trial court's entry of judgment, he acted pro se, he possesses no legal training, he has limited proficiency in English, and he believed that filing his notice of appeal with the trial court clerk on May 22 "was the single, sufficient act required to initiate his appeal." We conclude that Pineda has provided a reasonable explanation for his failure to timely file his notice of appeal, and therefore we have appellate jurisdiction to address the merits of this appeal. *See In re S.V.*, 697 S.W.3d 659, 661 (Tex. 2024) (per curiam) (stating that "reasonable explanation" includes "any plausible statement of circumstances indicating" that failure to timely file notice of appeal "was not deliberate or intentional, but was the result of inadvertence, mistake or mischance" and that "[a]ny conduct short of deliberate or intentional noncompliance qualifies as inadvertence, mistake or mischance") (quotations omitted).

The trial court's ruling on a plea to the jurisdiction is a question of law that we review de novo. *Herrera*, 702 S.W.3d at 541. A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When, as here, the jurisdictional plea challenges the pleadings, we must determine whether the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction. *Id.*; *Harris Cnty. v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018) (quotation omitted). We construe the pleadings liberally in favor of the pleader. *Herrera*, 702 S.W.3d at 541.

If the factual allegations in the pleadings do not affirmatively demonstrate jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, courts should afford the plaintiff an opportunity to amend his pleadings. *Tex. Tech Univ. Sys. v. Martinez*, 691 S.W.3d 415, 419 (Tex. 2024); *see Herrera*, 702 S.W.3d at 541 (stating that plaintiff should be afforded opportunity to amend "if the challenged jurisdictional defect may be cured with further factual allegations"). "We grant a jurisdictional plea challenging the pleadings only if the pleadings 'affirmatively negate' jurisdiction." *Herrera*, 702 S.W.3d at 541 (quoting *Houston Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 160 (Tex. 2016)).

## B.    Labor Code Requirements for Suits for Judicial Review in Worker's Compensation Cases

The Texas Legislature enacted the Texas Workers' Compensation Act to balance two competing interests: providing compensation for injured employees and

7

protecting employers from litigation costs. *Tex. Mut. Ins. Co. v. PHI Air Med., LLC*, 610 S.W.3d 839, 843 (Tex. 2020). An injured employee can recover from a subscribing employer "without regard to the workers' own negligence," while the employer's "exposure to uncertain, possibly high damages awards" is limited. *Id.* (quotation omitted). The Division of Workers' Compensation (part of the Texas Department of Insurance) implements and enforces the Act's provisions. *Id.*

The Act "establishes finely honed adjudication procedures to resolve disputes about compensation benefits." *Univ. of Tex. Rio Grande Valley v. Oteka*, 715 S.W.3d 734, 740 (Tex. 2025). "By statute, these benefits are the exclusive remedy for work-related injuries." *Id.* at 740–41; TEX. LAB. CODE § 408.001(a). The Act's dispute resolution process consists of four possible steps: a benefits review conference; a contested case hearing before an administrative law judge; review by an administrative appeals panel; and judicial review. *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 437 (Tex. 2012) (op. on reh'g) (citing TEX. LAB. CODE §§ 410.021, 410.151, 410.202, 410.251).

If a claimant is dissatisfied with an ALJ's decision following a contested case hearing, the claimant can request an appeal to the Division's appeals panel. TEX. LAB. CODE § 410.202(a); *see also id.* § 410.169 ("A decision of an administrative law judge regarding benefits is final in the absence of a timely appeal by a party and is binding during the pendency of an appeal to the appeals panel."). If the claimant

8

does not appeal a specific issue to the appeals panel, the claimant fails to exhaust administrative remedies with respect to that issue. *See TIG Premier Ins. Co. v. Pemberton*, 127 S.W.3d 270, 276 (Tex. App.—Waco 2003, pet. denied). If the appeals panel does not issue a written decision, "the decision of the administrative law judge becomes final and is the final decision of the appeals panel." TEX. LAB. CODE § 410.204(c).

Generally, if an agency has exclusive jurisdiction over a matter, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002) (op. on reh'g). The Act reflects this principle in the provision stating when a claimant may seek judicial review of an unsatisfactory appeals panel decision: "A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review." TEX. LAB. CODE § 410.251; *see also id.* §§ 410.301–.308 (providing specific rules concerning "[j]udicial review of a final decision of the appeals panel regarding compensability or eligibility for or the amount of income or death benefits"). A trial regarding compensability, eligibility for income benefits, and the amount of such benefits "is limited to issues decided by the appeals panel and on which judicial review is sought." *Id.* § 410.302(b); *Lopez v. Zenith Ins. Co.*, 229 S.W.3d 775, 779 (Tex. App.—Eastland 2007, pet. denied) ("Section 410.302 limits the issues that the

9

trial court can consider when an appeals panel decision is appealed."). The claimant's pleadings "must specifically set forth the determinations of the appeals panel by which the party is aggrieved." TEX. LAB. CODE § 410.302(b).

## C.      Sufficiency of Pineda's Pleadings

Pineda, acting pro se, used a one-page form entitled "Small Claims Petition" for his original petition. He named National Specialty as the defendant, listed National Specialty's address and agent for service of process, and his own contact information. Under the "Cause of Action" heading, he provided the only facts in the petition concerning his claim:

> December 13, 2021 I fell down some stairs carrying [sheetrock] material and hurt my left leg and part of my lower back, then I returned to work December 22[, 20]21 with medical restrictions and hurt my lower back while carrying some boxes with a weight of approximately 20 pounds. [H]erniated disc from returning to work without being ready to return.

Then, under a "Relief Requested" heading, he requested "[p]ayment of $1,000,000.00 for my ankle damage plus $1,000,000 for my back damage including physical and mental suffering." The petition contained no facts relating to the Act's dispute resolution process. Pineda also filed over 200 pages of documents when he filed his petition. Although these documents included the written decisions for the two claims by the ALJ following the contested case hearings, these documents did not include a request for review of the decisions by the Appeals Panel.

Review of an ALJ's decision by an administrative appeals panel is a necessary step in exhausting administrative remedies under the Act. *See Ruttiger*, 381 S.W.3d at 437. Pineda's petition (and the documents filed on the same date) does not affirmatively demonstrate that he exhausted his administrative remedies before seeking judicial review, nor does it demonstrate that he was aggrieved by a final decision of the Appeals Panel.[2] *See id.*; TEX. LAB. CODE § 410.251 ("A party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review . . . .").

However, Pineda's petition also does not affirmatively demonstrate incurable defects in jurisdiction. In fact, National Specialty's plea to the jurisdiction and its attached evidence reflects that Pineda did exhaust his administrative remedies and was aggrieved by a final decision by the Appeals Panel on his two claims.

National Specialty attached two written decisions by the ALJ following the contested case hearings related to Pineda's claims. With respect to the December 13 alleged injury, the parties submitted four questions to the ALJ:

---

[2]    In *Houston Community College System v. Schneider*, this Court construed the claimant's petition and its attachments together to conclude that the claimant's petition met section 410.302(b)'s requirement that the pleadings specifically set out the appeals panel determination that aggrieved the claimant. 67 S.W.3d 241, 243 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). We reasoned that "a pleading shall not be deemed defective because of the lack of any allegation that can be supplied from attached exhibits." *Id.* Here, Pineda filed the ALJ's written decisions on the same day as his petition, but he did not file his requests that the Appeals Panel review the decisions or the Appeals Panel's notices that it was allowing the ALJ's decisions to become final.

11

1. Does the compensable injury of December 13, 2021, extend to and include lumbar strain, lumbar spine radiculopathy, L4-L5 annular bulging, and mild degenerative disc disease?

2. Has the claimant reached maximum medical improvement, and if so, on what date?

3. If the claimant has reached maximum medical improvement, what is the impairment rating?

4. Did the claimant have disability from December 22, 2021, to present, resulting from an injury sustained on December 13, 2021?

On May 4, 2023, the ALJ decided all questions adversely to Pineda.

With respect to the December 22 alleged injury, the parties submitted two questions to the ALJ:

1. Did the claimant sustain a compensable injury on December 22, 2021?

2. Did the claimant have disability resulting from the claimed injury from December 23, 2021, through the present?

On May 5, 2023, the ALJ decided both questions adversely to Pineda.

National Specialty also attached Pineda's requests that the Appeals Panel review the ALJ's determinations for both claims. For the December 13 alleged injury, Pineda challenged three of the ALJ's findings of fact and four conclusions of law. Pineda requested reversal of the ALJ's decision. For the December 22 alleged injury, Pineda challenged two findings of fact and two conclusions of law. He requested reversal of this decision as well.

12

Finally, National Specialty attached two notices from the Appeals Panel dated July 19, 2023. In each notice, the Appeals Panel informed the parties that it was allowing the ALJ's decisions relating to Pineda's two claims to become final. Both notices informed Pineda of his right to seek judicial review within 45 days. Pineda filed suit on August 15, 2023.

We conclude that the jurisdictional defects in Pineda's petition are curable, and therefore he should be afforded an opportunity to amend his pleadings.[3] *See Herrera*, 702 S.W.3d at 541; *Martinez*, 691 S.W.3d at 419.

We sustain Pineda's second issue.

---

[3]  As mentioned above, Pineda filed his original petition pro se, but he obtained counsel after National Specialty filed its plea to the jurisdiction. On the morning of the plea hearing, Pineda's counsel filed an amended petition that asserted Pineda's claim under the court's equity jurisdiction but did not address the jurisdictional deficiencies that National Specialty raised in its plea. We conclude that even though Pineda amended his petition after National Specialty filed its plea to the jurisdiction but did not address the identified jurisdictional defects, this does not prevent this Court from affording Pineda an opportunity to amend, particularly in light of the fact that the amendment occurred before the trial court ruled on the jurisdictional plea and in light of National Specialty's own evidence demonstrating that the jurisdictional defects in Pineda's petition are curable. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839–40 (Tex. 2007) (declining to adopt Texas A&M's argument that plaintiff's opportunity to amend should come after filing of plea to jurisdiction—which puts plaintiff on notice of alleged defects—but before trial court takes any action on plea, but not allowing Koseoglu opportunity to amend because his pleading defects could not be cured).

13

## Conclusion

We reverse the trial court's order granting National Specialty's plea to the jurisdiction and remand the case to allow Pineda an opportunity to amend his pleadings.


David Gunn
Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.